DECISION
Appellant, Gary L. Davis, was indicted on four counts of aggravated robbery, four counts of robbery as a second degree felony, four counts of robbery as a third degree felony and four counts of kidnapping. Although the crimes arose out of a single incident, appellant was indicted on four counts for each offense because the state alleged that there were four victims.
At the beginning of trial, the state dismissed the four counts of aggravated robbery and the four counts of kidnapping. These counts originally alleged that appellant had a deadly weapon under his control when he attempted a theft offense. The state also moved to amend the four counts of robbery as a second degree felony. As amended, the four counts of robbery as a second degree felony alleged that appellant inflicted or threatened to inflict physical harm on another when he attempted a theft offense.
The trial court granted the state's motion to amend. Appellant was therefore tried on four counts of robbery as a second degree felony, a violation of R.C. 2911.02(A)(2), and four counts of robbery as a third degree felony, a violation of R.C. 2911.02(A)(3).
On November 23, 1999, at around 3:30 a.m., Heath Rowland, Roger Redmon, Scott Hewitt and Nathan Rude left the AWOL bar, where Rowland worked as a bartender. The foursome walked to Rowland's car, which was parked about a half block from the bar. Rowland noticed that his right front tire had been slashed. He testified that he was concerned because there had been a rash of muggings in the area. He retrieved the spare tire from his trunk. Rowland had a rusty saw in his trunk that he had used during a recent camping trip, and he gave it to Hewitt "just in case." (Tr. at 146.)
As Rowland was changing the tire, two men walked up to the car. According to Hewitt, the taller of the men announced: "This [is] a robbery." (Tr. at 183.) The shorter man then raised an object that had been wrapped in a sweatshirt. Hewitt testified that the man held the object in both hands and that it appeared to be a sawed-off shotgun. The taller man lunged at Redmon and hit him in the forehead with a rock. Redmon started swinging, and the taller man ran away. Hewitt testified that the shorter man continued to hold the object "trained on" Hewitt until Hewitt waved the rusty saw and the shorter man ran away. (Tr. at 186.)
Redmon needed twenty-seven stitches to close the gash in his head. Redmon testified that he also believed that the shorter man was holding a gun wrapped in a sweatshirt.
Hewitt was walking in the vicinity later that day when he spotted appellant. He notified the police and identified appellant as the shorter man who had been involved in the incident.
At the conclusion of the trial, appellant moved, pursuant to Crim.R. 29, for judgment of acquittal on all eight counts. The trial court granted the motion in part, dismissing the robbery counts pertaining to Heath Rowland and Nathan Rude. The court reasoned that there was inadequate evidence that either Rowland or Rude were aware of the threatening actions of the suspects. The court concluded, however, that there was adequate evidence as to the second and third degree felony charges pertaining to Roger Redmon and Scott Hewitt. Counts 2, 3, 5 and 6 were submitted to the jury, which found appellant guilty on all four counts.
In imposing sentence, the trial court merged Counts 2 and 3, the second and third degree felony offenses in which Scott Hewitt was the victim. The trial court also merged Counts 5 and 6, the second and third degree felony offenses in which Roger Redmon was the victim. The trial court then merged Counts 2 and 5, the two second degree felony offenses, reasoning that "these counts were submitted to the jury on the same factual situations." (Tr. at 302.) The court therefore sentenced appellant only on Count 5, one of the second degree felony offenses. The court sentenced appellant to five years incarceration.
On appeal, appellant asserts the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT PERMITTED THE PROSECUTION TO AMEND COUNTS 2 AND 5 OF THE INDICTMENT OVER THE APPELLANT'S OBJECTION AND IN CONTRAVENTION OF CRIM.R. 7(D).
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT DENIED THE APPELLANT HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW BY PERMITTING WITNESS TESTIMONY THAT DID NOT CONFORM TO EVID.R. 402, 403(A) AND 404(B).
ASSIGNMENT OF ERROR NO. 3
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR NO. 4
 THE GUILTY VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
As to appellant's first assignment of error, the state concedes that the trial court erred when it permitted the state to amend Counts 2 and 5 of the indictment. The state concurs with appellant that the amendments ran afoul of Crim.R. 7(D) by changing the identity of the crimes charged. We agree. See Columbus v. Dugger (June 7, 1988), Franklin App. No. 88AP-88, unreported (noting that any change in the identity of the offense violates Crim.R. 7[D], and the appellant need not show that he was prejudiced by the amendment). We therefore sustain appellant's first assignment of error and reverse appellant's convictions on Counts 2 and 5.
In his second assignment of error, appellant argues that the trial court erred in permitting testimony that the victims were aware of a recent rash of robberies and muggings in the area. Appellant contends that this evidence should have been excluded because it was irrelevant, unfairly prejudicial and improperly designed to show that appellant had a propensity to commit criminal acts. Appellant further contends that, at the very least, the court should have given a limiting instruction to the jury to ensure that the jury did not use the evidence to establish that appellant committed the charged offenses. Appellant concedes that his trial counsel neither objected to this testimony nor requested a limiting instruction.
The admission of evidence is left to the sound discretion of the trial court and is reviewed for abuse of discretion. State v. Awkal (1996),76 Ohio St.3d 324, 332. Abuse of discretion is more than an error of judgment; it is an error that is arbitrary, unconscionable or unreasonable. State v. Adams (1980), 62 Ohio St.2d 151, 157. Moreover, because defense counsel did not object to the introduction of this evidence, we must confine our review to the plain error doctrine. SeeState v. Moreland (1990), 50 Ohio St.3d 58, 62. Under Crim.R. 52(B), we may address plain errors or defects affecting substantial right, although they were not brought to the attention of the trial court. Id.; Statev. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error is found where, but for the error, the outcome of the trial would have been otherwise." State v. Franklin (1991), 62 Ohio St.3d 118,128, certiorari denied (1992), 504 U.S. 960. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, paragraph three of the syllabus.
The trial court did not commit plain error in admitting testimony that other crimes had been committed in the area. Evidence is relevant if it has any tendency to prove a fact of consequence in the case. Evid.R. 401. "[T]he probative value must be minimal and the prejudice great before [relevant] evidence may be excluded." State v. Morales (1987),32 Ohio St.3d 252, 258. The testimony at issue explained why Hewitt was holding a saw, and the fact that Hewitt waved the saw allowed the jury to infer that the suspect only fled the scene once he grew fearful for his own safety. The evidence was not unfairly prejudicial to appellant. The state neither argued nor implied that appellant perpetrated other crimes.
Nor did the testimony violate Evid.R. 404(B), which provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes * * *.
The state never suggested that appellant committed other crimes in the neighborhood. The evidence could have been properly admitted to show the motive behind some of the actions of the victims, including Rowland's motive for arming Hewitt with a saw.
Even if defense counsel had objected to the testimony at issue, the trial court would have been within its discretion to admit it. Under these circumstances, the trial court did not commit plain error.
The trial court's failure to give a limiting instruction did not constitute plain error. Noting that "the decision not to request a limiting instruction is sometimes a tactical one," the Ohio Supreme Court concluded that a trial court's failure to give a limiting instruction suasponte is not plain error. State v. Schaim (1992), 65 Ohio St.3d 51, 61
n. 9. See, also, State v. Peters (Oct. 24, 1996), Cuyahoga App. No. 69709, unreported ("Evid.R. 105 expressly requires parties to request limiting instructions when evidence is admissible for one purpose but not another. As a result, the trial court [commits] no error, let alone plain error, by omitting such an instruction").
Appellant's second assignment of error is overruled.
Appellant contends in his third assignment of error that he was denied effective assistance of counsel because his trial attorney failed to object to the testimony that the victims were aware of criminal activity in the area.
In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court outlined the following test regarding ineffective assistance of counsel:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687. * * *
The defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington (1984),466 U.S. 668, 687-688. The defendant must also prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
Because we have already concluded that the trial court had discretion to admit the testimony at issue, appellant cannot establish a reasonable probability that the outcome of his trial would have been different had his counsel objected to the testimony. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends that the guilty verdicts are against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387.
Because we have already reversed appellant's convictions on Counts 2 and 5, we need only consider whether appellant's convictions on Counts 3 and 6 were against the manifest weight of the evidence.
In Counts 3 and 6, appellant was charged with two violations of R.C.2911.02(A)(3), which provides, in pertinent part, that "[n]o person, in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another." Count 3 alleged that appellant violated R.C. 2911.02(A)(3) by using or threatening force against Scott Hewitt. Count 6 alleged that appellant violated R.C.2911.02(A)(3) by using or threatening force against Roger Redmon. Testimony at trial demonstrated that, when he approached Hewitt and Redmon, appellant was accompanied by another man who announced: "This [is] a robbery." (Tr. at 183.) Hewitt and Redmon both testified that appellant was carrying an object wrapped in a sweatshirt; they believed that the object was a gun. Both victims testified that they felt threatened by appellant. Hewitt testified that appellant continued to point the object until Hewitt chased him away by waving a saw. In light of this record, appellant's convictions were not against the manifest weight of the evidence. Appellant's fourth assignment of error is overruled.
Appellee, the state of Ohio, filed a cross-appeal, asserting the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT MERGED ROBBERY COUNTS PERTAINING TO TWO DIFFERENT VICTIMS.
The trial court merged Counts 2 and 5, second degree felony counts for robbery against two different victims, and sentenced appellant on Count 5. The state did not object to the merger of Counts 2 and 5 at trial, and now argues that the trial court's application of the merger doctrine was plain error. Because we have already reversed appellant's convictions on Counts 2 and 5, however, we consider whether Counts 3 and 6, third degree felony counts for robbery against two victims, should be merged. We conclude that merger of Counts 3 and 6 constitutes plain error.
Offenses merge for sentencing purposes when the commission of one offense automatically results in the commission of the other offense. See R.C. 2941.25(A); State v. Rance (1999), 85 Ohio St.3d 632, 636. However, R.C. 2941.25(B) provides:
 Where the defendant's conduct * * * results in two or more offenses of the same or similar kind committed * * * with a separate animus as to each, * * * the defendant may be convicted of all of them.
"[W]here a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each offense." State v. Gregory (1993), 90 Ohio App.3d 124, 129. When a defendant is convicted of separate violations of the same statute for separate victims, merger is improper if the statute proscribes an offender's conduct towards "another." See State v. Jones (1985),18 Ohio St.3d 116, 117-118.
In Counts 3 and 6, appellant was convicted of using or threatening "force against another." (Emphasis added.) R.C. 2911.02(A)(3). Because the statute prohibits conduct toward another, convictions on Counts 3 and 6 should not merge for sentencing purposes. Appellee's assignment of error is, therefore, sustained.
For the foregoing reasons, appellant's first assignment of error is sustained and appellant's second, third and fourth assignments of error are overruled. Appellee's cross-assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings.
Judgment affirmed in part and reversed in part, cause remanded.
LAZARUS and BROWN, JJ., concur.