THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

[Cite as State *v.* Jones (1985), 18 Ohio St. 3d 116.]

(No. 84-1606—Decided July 3, 1985.)

*George E. Pattison,* prosecuting attorney, and *Gregory Chapman,* for appellee.

*R. Daniel Hannon,* county public defender, and *W. Stephen Haynes,* for appellant.

*Per Curiam.* R.C. 2903.06 provides in part:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall recklessly cause the death of another.

"(B) Whoever violates this section is guilty of aggravated vehicular homicide, a felony of the fourth degree. * * *"

This case presents the issue of whether an individual may be convicted of a separate violation of R.C. 2903.06 for each person killed as the result of a single instance of that individual's reckless operation of his vehicle.

For the reasons that follow we hold that he may and affirm the judgment of the court of appeals sustaining appellant's conviction of two counts of aggravated vehicular homicide.

We note initially that the divergence in opinion expressed by our courts of appeals on this issue is representative of the divergence of opinion held by other jurisdictions in deciding whether multiple convictions can arise from the same conduct. See Annotation (1981), 8 A.L.R. 4th 960. Although reaching different results in construing different statutes and conduct, other jurisdictions have uniformly decided the issue based upon an analysis of whether the legislature intended the relevant statute to authorize multiple convictions. *Id.*

Appellant contends that both of his convictions arise out of the same conduct, *i.e.,* the reckless operation of his automobile and, thus, only one conviction is authorized by R.C. 2941.25 which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The conduct prohibited by R.C. 2903.06 is recklessly *causing the death of another.* It is a homicide statute. Other statutes exist which prohibit and fix penalties for the reckless operation of a vehicle and for traveling at excessive speeds. See R.C. Chapter 4511. Had the General Assembly intended no more than to enhance the penalties for those traffic violations when they resulted in the death of others, it could have done so without enacting R.C. 2903.06 as a homicide offense. For this reason, we hold that R.C. 2903.06 authorizes a conviction for each person killed by a reckless driver.

In light of our analysis of R.C. 2903.06, we view appellant's conduct as representing two offenses of dissimilar import—the "import" under R.C. 2903.06 being each person killed.

The Double Jeopardy Clauses of the United States and Ohio Constitutions prevent multiple punishments for the same offense. See, *e.g., State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], at 518. Appellant contends that his two convictions violate this aspect of protection against double jeopardy.

In *Ohio* v. *Johnson* (1984), __ U.S. __, 81 L. Ed. 2d 425, 433, the United States Supreme Court stated:

"* * * Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States* v. *Wiltberger,* 5 Wheat. 76, 93, 5 L. Ed. 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent, see *Missouri* v. *Hunter,* 459 U.S. 359, __, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983). * * *"

The court stated further at 433, footnote 8:

"In the federal courts that test established in *Blockburger* v. *United States,* 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932), ordinarily determines whether the crimes are indeed separate and whether cumulative punishments may be imposed. [Citations omitted.] As should be evident from our decision in *Missouri* v. *Hunter,* 459 U.S. 359, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983), however, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end."

Since we have construed R.C. 2903.06 and 2941.25 to authorize separate convictions, there is no double jeopardy violation.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.