THE STATE OF OHIO, APPELLEE, *v.* STIMSON, APPELLANT.

(Nos. 3859 and 3860 — Decided November 27, 1985.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Marilu Laubenthal,* for appellant.

MAHONEY, P.J. Appellant, Howard Stimson, appeals his convictions on two counts of vehicular homicide in violation of R.C. 2903.07 after a jury trial in the Lorain County Court of Common Pleas and the consecutive sentences imposed on them. We affirm.

On the afternoon of August 10, 1984, a crew of workers from the Ohio Department of Transportation was repairing pot holes in the right westbound lane of State Route 2 at the beginning of the Oak Park exit ramp. The work area was marked by flashing lights and an arrow. There also were six warning signs in the approach to the work site, informing motorists that the right lane was closed. Stimson was traveling towards the work site in the right westbound lane when he began to fall asleep. Stimson crashed through the work site killing two of the workers and injuring at least two others.

Separate indictments were issued against Stimson for the two deaths and the indictments were consolidated before trial. After a jury trial, Stimson was convicted on two counts of vehicular homicide in violation of R.C. 2903.07 and sentenced to a $1,000 fine and six months' imprisonment for each count, said sentences to be served consecutively.

### Assignment of Error

"The trial court erred in sentencing defendant to two (2) consecutive terms of imprisonment where the two guilty verdicts reflected but one offense. ORC § 2941.25."

The sole question in this appeal is whether the convictions on the two counts of vehicular homicide should be merged pursuant to R.C. 2941.25 which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but

70

the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

After examining the substantive portion of the vehicular homicide statute, R.C. 2903.07(A), we find it to be identical to the substantive portion of the aggravated vehicular homicide statute, R.C. 2903.06(A), except that the former deals with negligence while the latter deals with recklessness. In determining whether a person could be separately convicted under R.C. 2903.06 for multiple deaths resulting from one accident, our Supreme Court has held that, for the purposes of R.C. 2941.25, the "import" under R.C. 2903.06 is the separate deaths. *State* v. *Jones* (1985), 18 Ohio St. 3d 116, 118. The court in *Jones, supra,* therefore, held that under R.C. 2903.06, a defendant may be convicted of a separate violation for each person killed. We find the reasoning of *Jones, supra,* to be equally applicable to R.C. 2903.07 and therefore controlling. We hold that R.C. 2903.07 authorizes a separate conviction for each person killed by a negligent driver. See, also, *State* v. *Caudill* (1983), 11 Ohio App. 3d 252, 256 (aggravated vehicular homicide).

Stimson's convictions on both counts are proper and the consecutive sentences imposed thereon are likewise proper. See R.C. 2929.41(B)(1).

Summary

Appellant's assignment of error is overruled. The judgment is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.