JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Richard Morris pleaded guilty to four counts of aggravated vehicular assault in violation of R.C. 2903.08(A). While under the influence of alcohol, Morris ran into an automobile carrying four persons. Each person suffered serious physical harm as a result. The trial court accepted Morris's plea and sentenced him to eighteen months' incarceration on each count. It imposed concurrent sentences for the first two counts and concurrent sentences for the remaining two counts. It then made the sentences for the first two counts consecutive to the sentences imposed for the latter two counts. The trial court also suspended Morris's license for one and one-half years.
In his sole assignment on appeal, Morris argues that the trial court should have merged the sentences because only one act occurred. Morris's assignment has no merit.
The Ohio Supreme Court in State v. Jones[1] held that multiple convictions for aggravated vehicular homicide in violation of R.C. 2903.06 can arise from a single instance of a person's reckless operation of his vehicle. The court first examined the words of the vehicular-homicide statute that prohibited "recklessly causing the death of another." It then stated that the conduct of recklessly causing the death of two persons with the defendant's automobile represented "two offenses of dissimilar import-the `import' under R.C. 2903.06 being each person killed."[2]
This court has held similarly that multiple convictions may be entered for aggravated vehicular assault upon different victims who were injured as a result of a single instance of reckless operation of the offender's vehicle.[3] Thus, we conclude here that Morris was properly convicted and sentenced on four counts of aggravated vehicular assault when each count involved has serious injury to a different victim. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Jones (1985), 18 Ohio St.3d 116, 480 N.E.2d 480.
[2] Id. at 118, 480 N.E.2d at 410.
[3] State v. Evans (Aug. 16, 1995), Hamilton App. No. C-940775, unreported.