OPINION
This case comes before us as a delayed appeal filed by appellant, Junior G. Hutchison, II.[1] On December 12, 1997, the Portage County Grand Jury indicted appellant on two counts of aggravated vehicular assault, in violation of R.C. 2903.08. The incident for which appellant was indicted stemmed from a single automobile accident in which two persons were injured. On March 18, 1998, appellant pleaded guilty to both counts. On June 10, 1998, the trial court sentenced appellant to eighteen months incarceration on each count with the sentences to run consecutively and suspended his driver's license for life. Appellant filed a notice of appeal from this judgment on June 4, 1999. On August 3, 1999, we granted appellant's motion for delayed appeal.
Appellant raises the following assignments of error:
 "[1.] A guilty plea induced by promises and threats which deprive it if a voluntary act is void under the Ohio Constitution and the United States Constitution.
 "[2.] The trial court erred by allowing defendant to plead guilty to multiple offense's of similar import, without conducting a hearing to make determination as to whether the crimes were committed separately or with separate animus for each offense prior to entering [judgment] sentencing defendant for all the offenses. R.C. 2941.25, the trial court erred in imposing a sentence on each of the two charges when the conduct was the same act."
In his first assignment of error, appellant asserts that his guilty plea was invalid because it was the result of coercion and false promises.
Guilty pleas are governed by Crim.R. 11, the underlying purpose of which is to assure that the defendant is informed of his constitutional rights "so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473, 480,423 N.E.2d 115. Crim.R. 11 thus enables the judge to determine that the defendant understands that his plea waives certain constitutional rights. Id. Appellant has provided this court with no transcript of the hearing at which he pleaded guilty. As such, we must presume the regularity of the trial court proceedings and that the trial court adequately informed appellant of his rights and that appellant made a voluntary and intelligent decision to plead guilty. The duty to provide a transcript for appellate review falls upon the appellant because he bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. From the entries recorded by the trial court, including a written guilty plea signed by appellant that spells out his constitutional rights, it appears that the trial court complied with Crim.R. 11. Furthermore, the matters upon which this assignment is based, coercion and false promises, would be matters outside of the record, which would be a matter to be addressed in a postconviction relief petition. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant asserts that the trial court erred by imposing consecutive sentences for multiple offenses of similar import, in violation of R.C. 2941.25(A). R.C. 2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." A person may be convicted and sentenced independently for a single act that constitutes a separate crime against each victim. State v. Jones (1982), 18 Ohio St.3d 116,118, 480 N.E.2d 408; State v. Harvey (May 2, 1997), Lake App. No. 95-L-192, unreported.
In Jones, the Supreme Court of Ohio held that R.C. 2903.06, which prohibits recklessly causing the death of another, authorizes a conviction for each person killed by a reckless driver. It viewed the conduct as representing two offenses of dissimilar import — the "import" under R.C. 2903.06 being each person killed. Similarly, R.C.2903.08 prohibits recklessly causing serious physical harm to another person with an automobile with the "import" being each person seriously injured. Thus, we hold that R.C. 2903.08 authorizes a conviction for each person harmed. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.
[1] A separate appeal was filed in this case (number 99-P-0074) contesting the trial court's dismissal of appellant's petition for post-conviction relief. That appeal was sua sponte dismissed for failure to prosecute.