DECISION AND JUDGMENT ENTRY
This case is on appeal from the April 13, 2000 judgment of the Erie County Court of Common Pleas, which resentenced appellant, Deshaun Jackson. On appeal, appellant asserts the following assignments of error:
"ERROR ONE:
 "TRIAL COURT ABUSED IT'S DISCRETION AND COMMITTED PLAIN ERROR
"ERROR TWO:
 "THE APPELLANT WAS DENIED HIS EIGHTH AMENDMENT RIGHT AGIANST [SIC] CRUEL AND UNUSUAL PUNISHMENTS
"ERROR THREE:
 "THE SENTENCES VIOLATE 2953.08 (A, 4) BECAUSE THE SENTENCES ARE CONTRARY TO LAW
"ERROR FOUR:
 "THE TRIAL COURT ABUSED IT'S DISCRETION AND VIOLATED R.C. 2953.08(C) AND 2929.14(B)
"ERROR FIVE:
 "THE PROSECUTION COMMITTED PLAIN ERROR BY USEING [SIC] UNCONVICTED OFFENCES [SIC] AGAINST THE DEFENDANT IN A PREJUDICIAL MANNER
"ERROR SIX:
 "THE DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
"ERROR SEVEN:
 "THE DEFENDANT WAS DENIED HIS FOURTEENTH AND FIFTH AMENDMENT RIGHT TO DUE PROCESS"
In 1997 appellant was indicted on three counts of felonious assault in violation of R.C. 2903.11(A)(2) and one count of carrying a concealed weapon in violation of R.C. 2923.12(A). Each count also carried a firearm specification. Following his jury conviction on three counts of complicity to commit felonious assault, he was sentenced to six years of imprisonment on each count, to be served consecutively. On appeal, appellant asserted that the trial court erred as a matter of law by making the sentences run consecutively. We agreed and vacated the sentence on February 5, 1999. We remanded the case to the trial court for resentencing based upon our ruling that the trial court must make the specific findings required by former R.C. 2929.14(E)(3) before ordering that the sentences be served consecutively.
Appellant was resentenced on March 1, 1999. The trial court found that appellant had "waived his right to appeal the sentence only and reserved the right to appeal all other appealable issues * * * [and] further waived his right for findings on the record." The trial court then resentenced appellant to three five-year consecutive prison terms without making any of the findings required by R.C. 2929.14(E)(3). On January 12, 2000, appellant filed a mandamus action to compel the trial court to make the necessary statutory findings before ordering that his sentences run consecutively. On March 2, 2000, we granted appellant's mandamus action and ordered the trial court to comply with our previous mandate.
Appellant was resentenced April 13, 2000 to five years imprisonment on each count, with the sentences to run consecutively. The court found that appellant met the criteria set forth in R.C. 2929.14(E)(4) for imposition of consecutive sentences and that consecutive sentences were necessary to protect the public from future crime or punish appellant and that consecutive sentences were not disproportionate to the seriousness of the crime and the danger appellant poses to the public. At the sentencing hearing, the judge stated that these findings were based upon appellant's juvenile record and criminal convictions and the events of the crimes for which he was convicted in this case. The court also noted that appellant showed no remorse and that his record indicates that there was a great probability that he would commit other crimes in the future. Appellant immediately appealed from this judgment.
In his first assignment of error, appellant argues that the trial court abused its discretion and committed plain error when it used evidence of crimes for which appellant was acquitted or where the charges were dismissed as a basis for its findings under R.C. 2929.14(E)(4). Appellant claims that three of the twenty-nine convictions listed in the presentence investigation report were inaccurate.
At the sentencing hearing, the prosecution noted in its arguments that it did not know how many of the juvenile charges had actually resulted in convictions. Appellant's counsel also noted that the state had failed to identify which juvenile charges had resulted in convictions. Furthermore, appellant expressed to the court that the presentence investigation report contained three specific errors regarding appellant's criminal record.
R.C. 2951.03(B)(5) provides that"
 "If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy
 in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
"(a) Make a finding as to the allegation;
 "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
Appellant failed to present any evidence to substantiate his claim that there were errors in the report. Nonetheless, we find that the court had an obligation under R.C. 2951.03(B)(5), once the issue had been raised, to investigate the issue and determine whether there were any errors or whether the accuracy of the report was relevant to the sentencing hearing. In this case, the court quoted the criminal record without addressing the factual accuracy of the report. The court then stated that in part based upon that record, appellant needed to be incarcerated for a lengthy period of time in order to protect the public. Since the court failed to comply with R.C. 2951.03(B)(5), we find that it erred in sentencing appellant.
Appellant also argues that the trial court erred by using the fact that his accomplice fired a gun as a factor in his sentencing. The court specifically noted that appellant was not convicted of the carrying a concealed weapon charge. Therefore, we find that there is nothing in the record which indicates that the court considered the presence of a gun in its sentencing decision.
Finally, appellant contends that the trial court was biased because his sentencing decision was imposed in an unconstitutional manner. Since appellant has failed to demonstrate any such constitutional violation, we find this argument has no merit.
Appellant's first assignment of error is well-taken in part.
In this second assignment of error, appellant argues that the sentence violated his Eight Amendment right against cruel and unusual punishment. He contends that the sentence is improper because the offenses are allied offenses of similar import, no one was harmed by the offenses, appellant was acquitted of all charges involving the gun, the person who did fire the gun was never prosecuted, and because a fifteen year sentence is unwarranted under the circumstances of this case.
While appellant contends that fifteen years of imprisonment is an inappropriate sentence, the law clearly permits such a sentence for felonies of the second degree. In fact, the law permits an even greater sentence. See R.C. 2929.14. Furthermore, the law permits imposition of consecutive sentences if the court makes the necessary findings. Id. Finally, appellant failed to raise the issue of allied offenses of similar import at trial and, therefore, cannot assert this error on appeal. State v. Comen (1990), 50 Ohio St.3d 206, 211. Appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant again argues that the sentences are contrary to law because the offenses are allied offenses of similar import. As we discussed under the second assignment of error, any such error was waived by failing to assert it at the proper time. Appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant argues that the trial court abused its discretion and violated R.C. 2953.08(C) and 2929.14(B) by not imposing the minimum sentences allowable under the law. He argues that the shortest terms of imprisonment and non-consecutive sentences would not demean the seriousness of the crimes.
R.C. 2929.14(B) provides, with certain exceptions not applicable here, that if the court imposes a prison term and the offender has never previously served a prison term, the court must impose the minimum term of imprisonment "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The court made this determination in this case and, therefore, properly complied with the statute. The court only need include these findings in the record and need not set forth its reasoning or basis for the findings. State v. Edmonson (1999), 86 Ohio St.3d 324, 326-327.
The court's determination of whether these two factors existed is a discretionary matter for the trial court which can only be overturned on appeal if it is demonstrated that the trial court abused its discretion.State v. Yentude (Jan. 5, 2001), Greene App. No. 2000 CA 23, unreported. An abuse of discretion occurs when there is more than an error of law or judgment. There must be proof that the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Xie (1992),62 Ohio St.3d 521, 527, and State v. Adams (1980), 62 Ohio St.2d 151,157. We find that appellant has failed to demonstrate that the trial court abused it discretion in this case.
Appellant's fourth assignment of error is not well-taken.
In his fifth assignment of error, appellant argues that the trial court erred in sentencing him because it was influenced by the prosecution's recitation of various charges for which appellant was never convicted. Having found that under appellant's first assignment of error that the trial court erred by failing to comply with R.C. 2951.03(B)(5), we find this assignment of error well-taken on the same basis.
In his sixth assignment of error, appellant argues that he was denied his Sixth Amendment right to effective assistance of appointed counsel. To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Strickland v. Washington
(1984), 466 U.S. 668, and State v. Bradley (1989), 42 Ohio St.3d 136, 142
certiorari denied (1989), 497 U.S. 1011.
First, appellant contends that his counsel failed to object to the prosecution's recitation of charges for which appellant was never convicted. Upon a review of the transcript,
we find that his counsel did make this objection in his response to the state's presentation. Appellant himself also addressed the court and objected to the references to these charges. Furthermore, inasmuch as we have found appellant's first and fifth assignments of error well-taken because of the court's consideration of appellant's record without determining its accuracy, the issue of whether appellant's counsel rendered ineffective assistance in this matter is now moot.
Second, appellant contends that his counsel rendered ineffective assistance because he failed to argue that the three convictions were allied offenses of similar import. This argument has no merit because these convictions were not allied offenses of similar import. As was the case here, an individual can be convicted of several counts of the same offense if each count involves a different victim. State v. Smith
(1997), 80
Ohio St.3d 89, 117, certiorari denied (1998), 523 U.S. 1125, andState v. Jones (1985), 18 Ohio St.3d 116.
Third, appellant contends that his counsel rendered ineffective assistance because he failed to argue to the court that appellant should not serve more than the minimum period of incarceration. Upon a review of the transcript, we find that appellant's counsel did petition the court to impose only a two-year period of incarceration. Furthermore, we found in appellant's fourth assignment of error that the trial court did not err in imposing a longer sentence of incarceration under the circumstances of this case.
Fourth, appellant contends that his counsel rendered ineffective assistance because he did not present any case law or statutes to support his argument that appellant should receive the minimum term of imprisonment. Once again, we have already found that the trial court did not err in imposing a longer sentence of incarceration. There was no case law or statutes that appellant's counsel could have presented to require the court to impose the minimum sentence.
Appellant's sixth assignment of error is not well-taken.
Appellant contends in his seventh assignment of error that he was denied due process as guaranteed by the Fifth and Fourteen Amendments to the United States Constitution. He argues that he was denied due process when the court admitted into evidence a document from the Erie County Adult Probation Department outlining appellant's record. Appellant contends that there are numerous errors in that report. He also argues that the court had a duty under R.C. 2929.14(E)(4) to make its findings necessary to imposition of consecutive sentences based upon accurate information. He also presents the same arguments against his sentence as in his first assignment of error. Because of our ruling on appellant's first and fifth assignments of error, we find this assignment of error moot.
Having found that the trial court committed error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is reversed and appellant's sentence is vacated. This case is remanded to the lower court for resentencing in accordance with this decision. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
________________________________ Peter M. Handwork, Judge.
James R. Sherck, J., Richard W. Knepper, J. CONCUR.