This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Nathan A. Eden has appealed his plea, conviction, and the imposition of restitution from the Lorain County Court of Common Pleas. This Court affirms.
 I.
In 1997, Eden was driving his van while intoxicated at a level over two and a half times the legal limit when he caused an accident. As a result of the accident, Timothy Balda and Richard Schramm were seriously injured, and Balda's ten-year-old son, Jake, was killed. Eden was convicted and sentenced on one count of aggravated vehicular homicide, two counts of aggravated vehicular assault, and one count of driving under the influence. He appealed his conviction and sentence to this Court.
This Court affirmed Eden's convictions, but found that pursuant to the Supreme Court of Ohio's then recent pronouncement in State v. Edmonson
(1999), 86 Ohio St.3d 324, his sentence was not supported by the record.State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA006991, unreported. This Court reversed solely on the issue of sentencing, and remanded for resentencing.
Upon remand, Eden filed a motion to withdraw his guilty plea. The trial court denied his motion and sentenced him accordingly. Eden has timely appealed, and has raised seven assignments of error.[1]
 II. ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED CIVIL RESTITUTION UPON A CRIMINAL DEFENDANT FOR PERSONAL INJURIES[.]
In his first assignment of error, Eden contends that the trial court improperly imposed civil restitution upon him for personal injuries he caused. In support, Eden states that R.C. 2929.21(E) does not permit restitution to be imposed for non-property damages, and that the Ohio Revised Code does not authorize a trial court to require a defendant to pay restitution to a victim's father. This Court finds to the contrary on both contentions.
First, Eden's reference to R.C. 2929.21(E) is inapplicable as that statute governs penalties for misdemeanors and the imposition of restitution in this case was for a felony. Second, R.C. 2929.18
authorizes the trial court to impose restitution for a felony, and authorizes the restitution to be made to any survivor of a victim, which unfortunately includes Jake's father. R.C. 2929.18[2] states:
 (A) [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
Accordingly, this Court finds no merit in Eden's first assignment of error. It is overruled.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED THE APPELLANT'S DRIVERS [sic] LICENSE REVOKED FOR LIFE[.]
Eden next contends that the trial court erred in permanently revoking his driver's license. He asserts that there was no legal finding that he was under the influence of alcohol, and therefore his license could not be revoked for life under R.C. 2903.06. He further asserts that the "mere use of a blood test illegally obtained fails to comply with [R.C.] 2903.06(B)." This Court disagrees.
R.C. 2903.06(B) provides in pertinent part:
 If the jury or judge as trier of fact finds that the offender was under the influence of alcohol * * * at the time of the commission of the offense, then the offender's driver's or commercial driver's license * * * shall be permanently revoked[.]
 When the trier of fact determines whether the offender was under the influence of alcohol * * * the concentration of alcohol in the offender's blood, breath, or urine as shown by a chemical test taken pursuant to section 1547.111 [1547.11.1] or 4511.191 [4511.19.1] of the Revised Code may be considered as competent evidence, and the offender shall be presumed to have been under the influence of alcohol if there was at the time the bodily substance was withdrawn for the chemical test a concentration of ten-hundredths of one per cent or more by weight of alcohol in the offender's blood[.]
 This Court notes that Eden erroneously refers to the blood test as "illegally obtained." Eden never contested the legality of the blood test, except for in his sixth assignment of error herein, where this Court holds that such argument is barred by the doctrine of res judicata. Therefore, his assertion is meritless.
Eden pleaded guilty to driving under the influence. Further, during sentencing, the trial court found that the results of Eden's blood test showed that Eden's blood-alcohol level was over two and a half times the legal limit.
The trial court did not err in revoking Eden's driving privileges for life. The second assignment of error is overruled.
ASSIGNMENT OF ERROR III
 THE AGGRAVATED VEHICULAR OFFENSES WERE ALL ALLIED BY SIMILAR IMPORT[.]
Eden asserts that his conviction for aggravated vehicular homicide is an allied offense of similar import with his convictions for aggravated vehicular assault, and therefore the court improperly sentenced him to consecutive sentences. He argues that regardless of the fact that the counts pertain to injuries he caused to separate victims, the offenses are allied because they "occured [sic] at the same time and place, with no intent to cause harm to anyone."
In State v. Jones (1985), 18 Ohio St.3d 116, the Supreme Court of Ohio addressed the issue of "whether an individual may be convicted of a separate violation of [aggravated vehicular homicide] for each person killed as the result of a single instance of that individual's reckless operation of his vehicle." Id. at 117. The court found that such offenses are not allied offenses of similar import, and that convicting an individual on separate counts of aggravated vehicular homicide for each person killed does not create a double jeopardy violation. Id.
Accordingly, this Court overrules Eden's third assignment of error.
ASSIGNMENT OF ERROR IV
 INDICTMENT IS INVALID FOR BEING INSUFFICIENT[.]
 ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO PROPERLY COMPLY WITH [CRIM.R.] 32.1[.]
 ASSIGNMENT OF ERROR VI
 APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR HIS FAILURE TO PROPERLY FILE MOTION [sic] TO SUPPRESS OR INVESTIGATE [.]
In his fourth assignment of error, Eden contends that the indictment was invalid. In his fifth assignment of error, he argues that the trial court erred in denying his motion to withdraw his guilty plea. In his motion to withdraw his plea, Eden argued that his plea was involuntary. This Court notes that Eden previously challenged the voluntariness of his plea in his direct appeal. See Eden, supra. In his sixth assignment of error, Eden contends that he was denied effective assistance of counsel because his trial counsel did not file a motion to suppress the blood test.
This Court disregards Eden's fourth, fifth, and sixth assignments of error, as they are barred by the doctrine of res judicata, which provides that:
 a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Accordingly, the fourth, fifth, and sixth assignments of error are overruled.
ASSIGNMENT OF ERROR VII
 THE TRIAL COURT ERRED BY ENHANCING THE APPELLANT'S PRISON SENTENCE DUE TO A MINOR MISDEMEANOR IN VIOLATION OF [R.C.] 2929.14 AND STATE V. EDMONSON (1999), 86 OHIO ST.3d 324.
In his seventh assignment of error, Eden claims that the trial court erred in sentencing him to consecutive sentences because "the trial court used [Eden's] prior conviction for a minor misdemeanor to enhance his prison sentences." This Court disagrees.
Eden asserts that the trial court relied on a prior minor misdemeanor offense that he had committed on May 10, 1996, to "enhance" the sentence imposed in the present case. He argues that his sentence must be vacated and the matter remanded because "if not for the use of this minor misdemeanor to enhance [his] prison sentence, the trial court would not have been able to meet the requirements of R.C. 2929.14(E)(4)(iii)(c), which states that the court must find the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.14(E)(4)(b) and (c) grant a trial court the authority to impose consecutive sentences if:
 the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds * * * [that] [t]he harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct [or that] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 A review of the transcript of proceedings for Eden's resentencing reveals that the trial court found that:
 At the time the crimes were committed in this case, [Eden] was driving a motor vehicle with a blood alcohol content of .26, which under the testing was more than two and a half times the legal limit. To consume this much alcohol and then drive a motor vehicle is unconscionable.
 While driving on this date, you failed to stop at a stop sign and you illegally entered the intersection. You were speeding at the time, and your vehicle was moving with such speed and force that when you crashed into the Balda vehicle, you caused injury to Tim Balda and the death of Jacob Balda.
 Further indication of the speed of your vehicle was that your vehicle then caused the Balda vehicle to spin counterclockwise and collide with the vehicle driven by Richard Schramm, resulting in the injury to them as well. Your vehicle then proceeded along and was ultimately stopped when you hit a utility pole.
 Now, you do have a prior criminal history, or prior history that may not be lengthy, but it is significant. It's significant because it is of the same or similar type of conduct. That is, less than one year before the criminal activity here, you were involved in driving a vehicle when you had been consuming alcohol, you were left of center, you hit another vehicle head-on, causing injuries and hospitalization to that victim. So you do have a record that indicates to this Court that it was the same type of conduct, and certainly did not cause you to stay off the road when you were drinking.
The trial court further found that:
 [C]onsecutive service of sentences is necessary to protect the public from future crime, and to punish the defendant in this case. Consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger which he poses to the public.
 Furthermore, * * * the harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of this course of conduct adequately reflects the seriousness of the defendant's conduct. Further, that the defendant's criminal history of conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this defendant.
 Accordingly, this Court finds that the trial court did not abuse its discretion in ordering the sentences to be served consecutively. The seventh assignment of error is overruled.
 III.
The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] Both Eden and his counsel submitted appellate briefs. This Court previously ruled that all of the assignments of errors, whether submitted by counsel or pro se, will be addressed. All but one are duplicative, and therefore, this Court will address all, but will not specify by whom each was written.
[2] This Court notes that since the date of Eden's offenses, January 14, 1997, R.C. 2929.18 has thrice been amended. Although no change has been made to the sections cited herein, all references are to the version made effective on October 17, 1996.