DECISION
Defendant-appellant James Roberts appeals the judgment of the trial court convicting him, following a jury trial, of four offenses: carrying a concealed weapon in violation of R.C. 2923.12(A); resisting arrest in violation of R.C. 2921.33(C)(2), with a firearm specification; and two counts of felonious assault in violation of R.C. 2911.03(A)(2), with two accompanying firearm specifications. The trial court imposed consecutive ten-year sentences for each felonious assault, a three-year merged sentence for the accompanying firearm specifications, a one-year sentence for the firearm specification related to the resisting-arrest charge, a one-year sentence for carrying a concealed weapon, and a concurrent one-year sentence for resisting arrest. Bringing forth four assignments of error, he challenges, among other things, various parts of his sentence. Finding none of the assignments to have merit, we affirm the judgment of the trial court.
In his first assignment of error, Roberts contends that the trial court erred by imposing a prison term for the firearm specification accompanying the resisting-arrest charge. We are unpersuaded.
Roberts maintains that the firearm specification was not reasonably related to the resisting offense, but was rather more closely aligned with the offense of carrying a concealed weapon. In this light, Roberts argues that the prison term for the specification violated R.C.2929.14(D)(1)(e), which provides that a trial court shall not impose an enhanced penalty upon an offender convicted of carrying a concealed weapon, and that it also gave rise to a double- jeopardy violation. Roberts maintains that he did not use the concealed weapon in resisting his arrest. We disagree.
The record demonstrates that Roberts was stopped by two Cincinnati police officers for driving a vehicle that had been reported stolen. During an attempt to pat down Roberts for weapons, Roberts broke free and ran from the officers. The officers pursued Roberts until one officer observed Roberts remove a handgun from his waistband. At that time, the officers terminated their pursuit and took cover. Roberts then discarded the firearm and escaped by climbing over a fence. The officers eventually recovered the gun and discovered that it was loaded and fully operable.
We conclude that Roberts's act of withdrawing the weapon from his waistband, which caused the officers to break off their pursuit, effectuated his escape. Thus, the one-year firearm specification, under the facts of this case, was closely aligned to the offense of resisting arrest, and the trial court did not err by sentencing Roberts accordingly. The first assignment of error is overruled.
In his second assignment of error, Roberts maintains that that the trial court erred by convicting him of two counts of felonious assault when his actions in shooting at the police cruiser involved one course of conduct, and when he did not harbor a separate animus as to each officer in the cruiser. This assignment of error is not well taken.
R.C. 2941.25(B) provides the following:
 Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 When an offense is defined in terms of conduct towards another, there is a dissimilar import for each person affected by the conduct.[1] Accordingly, when there is a dissimilar import for each person affected by the conduct, multiple convictions are allowed. This court has previously analyzed R.C. 2911.03(A)(2), which provides that a defendant commits felonious assault if he knowingly causes or attempts to cause physical harm to another by means of a deadly weapon, and has held that felonious assaults arising from the same course of conduct, but against multiple victims, are of "dissimilar import."[2] Accordingly, multiple convictions were proper in this case.
Roberts also argues that his two convictions violated the Double Jeopardy Clauses of the United States and the Ohio Constitutions, which prevent multiple punishments for the same offense. But, as we have construed R.C. 2911.03(A)(2) and 2941.25(B) to authorize separate convictions, there was no double-jeopardy violation.[3] The second assignment of error is overruled.
In his third assignment of error, Roberts essentially argues that his two convictions for felonious assault were not supported by sufficient evidence. We are unpersuaded.
 A sufficiency-of-the-evidence challenge raises a question of law. As the Ohio Supreme Court has explained,
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Roberts was convicted of two counts of felonious assault in violation of R.C. 2903.11(A)(2), which provides that "no person shall knowingly attempt to cause physical harm to another by means of a deadly weapon." Roberts argues that the prosecution did not prove beyond a reasonable doubt that he knowingly
attempted to cause physical harm. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."[4]
It is undisputed that, in the early morning hours of June 12, 2000, Roberts fired six rounds from a nine- millimeter firearm in the direction of a police cruiser, and that there were two officers in the cruiser at the time. Roberts admitted to investigating officers that he had intended to fire in the direction of the police cruiser in order to intimidate the officers, because they had "disrespected" him and were "harassing" people in his neighborhood, but that he had not intended to cause them harm. His claimed lack of intent, however, misses the point, because knowledge, not intent, is the mental state required for felonious assault. The shooting of a gun in a place where there is a risk of injury to one or more persons supports the inference that the offender has acted knowingly.[5] Roberts told investigating officers that he observed the officers return to the cruiser and that he then pointed the gun at them and began to fire. The officers in the cruiser testified that they felt like they were in an "ambush," and one officer testified that he could hear the bullets passing by and cutting through the air outside his window. Furthermore, Roberts admitted that he had been worried about his actions and felt "relief" upon learning the next day that none of his bullets had hit the officers. Clearly, Roberts understood that his actions could have caused physical harm to the officers.
Based on the record before us, and construing the evidence in a light most favorable to the prosecution, we hold that there was sufficient evidence upon which the jury could have reasonably concluded that all the elements of felonious assault had been proven beyond a reasonable doubt. Accordingly, the third assignment of error is overruled.
In his fourth assignment of error, Roberts contends that the trial court erred in imposing the maximum sentence for each felonious assault. We disagree.
Pursuant to R.C. 2929.14(C), a maximum sentence may only be imposed on (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make the requisite R.C. 2929.14(C) findings, and it must give reasons supporting its findings before imposing the maximum term.[6] A review of the record reveals that the trial court made the appropriate findings on the felony sentencing worksheet, indicating that Roberts had committed the worst form of the offense, and the court indicated its reason for this finding by stating that Roberts had essentially ambushed the police officers while they were issuing citations to two people for having an open container of alcohol in public. Although the trial court only had to make one finding, the court also found that Roberts posed the greatest likelihood of recidivism and provided a reason for this finding by noting Roberts's lengthy criminal record and Roberts's admission that he often felt uncontrolled rage at people he believed were not respecting him, such as police officers. Upon our review of the record, we conclude that the imposition of maximum sentences was appropriate and clearly and convincingly supported by the record. Accordingly, the fourth assignment of error is overruled.
The judgment of the trial court is affirmed.
Doan, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] State v. Phillips (1991), 75 Ohio App.3d 785, 790,600 N.E.2d 825, 828, citing State v. Jones (1985), 18 Ohio St.3d 116,480 N.E.2d 408.
[2] State v. Bonner (Feb. 2, 1994), Hamilton App. No. C-930202, unreported.
[3] See State v. Jones, supra.
[4] See R.C. 2901.22(B).
[5] State v. Gregory (1993), 90 Ohio App.3d 124, 628 N.E.2d 86.
[6] See R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.