OPINION *Page 2 
{¶ 1} The defendant-appellant, Victor Anaya ("Victor"), appeals the June 19, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Allen County, Ohio sentencing him to five years on each of the two counts of aggravated vehicular homicide to be served consecutively for a total of ten years.
 {¶ 2} On July 24, 2005, at approximately five p.m., Victor was operating a 1995 Ford van with four other passengers. He was headed eastbound on Lincoln Highway nearing the interstate of State Route 115 in Allen County, Ohio when he failed to stop for a stop sign and as a result of running the stop sign, he struck a southbound vehicle operated by Brett Heitman. This incident caused the van to overturn and roll ejecting four of the five occupants. Ismael Torres was pronounced dead at the scene of the accident. Moises Contreras died at St. Rita's Hospital at 8:16 p.m. the same day as a result of his injuries sustained by the accident. Aurelio Escudero died on July 31, 2005 at 4:02 a.m. at St. Rita's Hospital as a result of his injuries sustained by the accident. During the course of the investigation, a blood sample was procured from Victor and it was found that his BAC was 0.19.
 {¶ 3} On January 20, 2006, Victor was indicted by the Allen County Grand Jury to Count One, Aggravated Vehicular Homicide, a felony of the second *Page 3 
degree in violation of R.C. 2903.06(A)(1)(a); Count Two, Aggravated Vehicular Homicide, a felony of the second degree in violation of R.C.2903.06(A)(1)(a); and Count Three, Aggravated Vehicular Homicide, a felony of the second degree in violation of R.C. 2903.06(A)(1)(a). On January 27, 2006, he entered pleas of not guilty to the three counts.
 {¶ 4} On May 17, 2006, Victor entered a negotiated plea of no contest to one count of aggravated vehicular homicide as charged in Count One of the indictment. He further pled no contest to a second count of aggravated vehicular homicide that was amended to a felony of the third degree in violation of R.C. 2903.06(A)(2)(a). The third count of the indictment was dismissed as part of the plea agreement.
 {¶ 5} On June 19, 2006, a sentencing hearing was held and Victor was sentenced to five years in prison on Count One and five years in prison on Count Two, to be served consecutively.
 {¶ 6} On July 19, 2006, Victor filed a notice of appeal raising the following assignment of error:
 The trial court erred where defendant was served (sic) to consecutive terms.
 {¶ 7} Victor asserts in his sole assignment of error that the trial court erred by sentencing him to a consecutive term on the two counts of aggravated vehicular homicide. Specifically, he alleges that R.C.2929.14(E)(4) requires a sentencing *Page 4 
court to make certain findings in support of the imposition of consecutive sentences.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100 (Emphasis added). The Ohio State Public Defender attempted to appeal the unanimousFoster decision to the United States Supreme Court and on October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314.
 {¶ 9} In State v. Jones (1985), 18 Ohio St.3d 116, the Supreme Court of Ohio held that an individual may be convicted of a separate violation of aggravated vehicular homicide for each person killed as a result of a single instance of that individual's reckless operation of his vehicle and that such *Page 5 
convictions do not violate constitutional proscriptions or double jeopardy. In Jones, the appellant was indicted and pled guilty to two counts of aggravated vehicular homicide in which he was sentenced to two to five years imprisonment on each count, to be served consecutively.
 {¶ 10} In this case, the trial court stated the following in its sentencing hearing on June 19, 2006,
 So it's going to be the judgment of the Court, the defendant being convicted on counts one and two — in count one, the defendant will be sentenced to five years mandatory time. And on count two, the felony of the third degree — felony of the third degree, the defendant will also be sentenced to five years. That's not mandatory on count two. The Court is going to order that the count one and count two be consecutive to each other.
 Notwithstanding the fact that this was all one event, all the individuals were in the same car, and the defendant didn't have any separate criminal intent as to each of the victims, the Court's going to order that they're consecutive. Based upon the seriousness of the crimes; the fact that he got into the car in a very intoxicated state allowed; allowed these three individuals to get into the car with him knowing that he shouldn't have been in there by himself, let alone, then to take on passengers. The Court finds consecutive terms are necessary.
Although, the trial court is not required to make such findings on the record, the trial court did establish its reasoning for sentencing Victor to consecutive terms in the sentencing hearing. Furthermore, upon review of the trial court's judgment entry of sentencing the trial court did take great consideration in reviewing the R.C. 2929.12 factors in establishing the prison term. *Page 6 
 {¶ 11} Therefore, as this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Victor to a consecutive term. Accordingly, we find Victor's sole assignment of error is overruled and the June 19, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Allen County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1