[Cite as *State v. Gregory*, 2026-Ohio-1098.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2025-09-069<br>CA2025-09-070 |
| vs. | : | OPINION AND<br>JUDGMENT ENTRY |
| ERIC MICHAEL GREGORY, | : | 3/30/2026 |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2025 CR 000073

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Zachary K. Garrison, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Matthew V. Faris, Assistant Public Defender, for appellant.

**O P I N I O N**

**SIEBERT, J.**

{¶ 1} Eric Michael Gregory appeals his sentence after pleading guilty to four

counts of Voyeurism (of varying degrees), two counts of tampering with evidence, and five counts of illegal use of a minor or impaired person in nudity-oriented material or performance ("Illegal Use"). On appeal, Gregory contends the trial court failed to merge two counts of Voyeurism with two counts of Illegal Use for sentencing purposes. Upon review, we conclude the trial court did not err in refusing to merge these crimes because, among other reasons, the former crime punishes an individual's trespass on a minor victim's reasonable expectation of privacy and is narrow in scope whereas the latter seeks to more generally combat conduct that supports or encourages the exploitation of children. As a result, they are not allied offenses of similar import that must be merged.

**Background**

{¶ 2} Gregory is a former police officer. On January 20, 2025, Gregory's 14-year-old "Stepdaughter" and eight-year-old "Stepson" each took showers at home. As Stepdaughter entered the shower, however, she noticed something in the vent in the bathroom and called her mother to investigate. Her mother located a camera, which was recording, inside the vent. When the victims' mother confronted Gregory with the camera, he immediately took it, destroyed the SD card, smashed the camera, flushed the destroyed SD card down the toilet, and took the smashed camera with him. The police arrested Gregory, and a grand jury later indicted him for two counts of Voyeurism and two counts of tampering with evidence. This case received case number 2025 CR 000073 (the "First Case").

{¶ 3} Following Gregory's arrest in the First Case, police executed a search warrant on various phones and memory cards that were in Gregory's possession. At Gregory's plea hearing, the prosecuting attorney noted the items and data obtained from the search revealed "additional videos" including ones depicting Gregory hiding cameras

in the home, Stepson urinating in the bathroom, and videos "ultimately capturing [Stepdaughter and Stepson] in various states of nudity as set forth previously." As a result of the images and data recovered from the search warrant, the State brought case number 2025 CR 379 against Gregory, charging him with five counts of Illegal Use and two additional counts of Voyeurism (the "Second Case").

{¶ 4} Gregory pled guilty to all charges in both the First and Second Case. At sentencing, Gregory argued two counts of Voyeurism from the First Case should be merged with two counts of Illegal Use from the Second Case. The trial court refused to merge these charges and sentenced Gregory to a total aggregate prison sentence of 18 to 19 and one-half years.

{¶ 5} Gregory now appeals.

**Applicable Law**

*Voyeurism and Illegal Use*

{¶ 6} Under Ohio law "[n]o person shall knowingly commit trespass or otherwise secretly or surreptitiously videotape, film, photograph, broadcast, stream, or otherwise record a minor, in a place where a person has a reasonable expectation of privacy, for the purpose of viewing the private areas of the minor."[1] R.C. 2907.08(C) (the "Voyeurism Statute"). Ohio's "Illegal Use Statute," in relevant part, prohibits the photography of "any minor . . . who is not the person's child . . . or [the] create[ion], direct[ion], produc[tion], or transfer [of] any material or performance that shows the minor . . . in a state of nudity." R.C. 2907.323 (A)(1).

---

1. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

*Merger*

{¶ 7}   When a defendant is convicted of two separate offenses of "similar import," the indictment may include all the offenses, but the defendant may only be convicted of one, so as to prevent multiple punishments for the same offense. R.C. 2941.25(A). Such multiple punishments for the same offense would violate the Double Jeopardy clause of the Fifth Amendment to the United States Constitution (applied to Ohio through the Fourteenth Amendment) and Article 1, Section 10 of the Ohio Constitution.

{¶ 8}   Multiple punishments can only be imposed if "the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each." R.C. 2941.25(B). When considered together, these two statutory clauses only permit multiple convictions for multiple offenses if any one of the following applies: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 2015-Ohio-995, ¶ 13. Otherwise, the offenses must be "merged," and the court can only convict and impose a sentence on the defendant for one of the offenses. *Id*. If offenses are merged, the prosecution elects which offense it wishes to pursue for sentencing, and the trial court sentences the defendant on that elected offense. *See State v. Sperry*, 2025-Ohio-2626, ¶ 39 (12th Dist.).

{¶ 9}   The test for determining whether multiple offenses are of "similar import" becomes critical in analyzing merger questions. If the defendant's conduct puts more than one individual at risk, the multiple offenses are of dissimilar import and merger will not be required. *Ruff* at ¶ 23, citing *State v. Jones*, 18 Ohio St.3d 116, 118 (1985) (holding dissimilar import resulting from one car accident with multiple victims), *State v. Franklin*,

2002-Ohio-5304, ¶ 48 (finding dissimilar import when defendant set one fire, placing six different people at risk). Likewise, multiple offenses are of dissimilar import if the resulting harm from each offense is separate and identifiable (i.e., one offense is not "incident" to the other). *Id.*

{¶ 10} The focus of our analysis must be on the defendant's conduct and is fact dependent. *Id*. at ¶ 26. If any of the following is true, the defendant may be convicted and sentenced for multiple offenses:

> (1) the offenses were dissimilar in import, determined by analyzing whether
>
> > a. the defendant's conduct put more than one person at risk; or
> >
> > b. each offense caused separate and identifiable harm;
>
> or
>
> (2) the offenses were committed separately; or
>
> (3) the offenses were committed with separate animus or motivation.

*See id*. at ¶ 25. (Emphasis added).

## Analysis

{¶ 11} In his sole assignment of error, Gregory argues the date of the Voyeurism charges in the First Case (committed January 20, 2025) is "wholly swallowed up within the date range" of the Illegal Use charges in the Second Case (committed February 1, 2024-January 20, 2025). Moreover, he claims the crimes "did not result in separate, identifiable harm[s]" or demonstrate separate animus because his conduct was the same in each crime, "i.e. recording [a] minor in a state of nudity." As a result, he asserts these charges should have been merged for sentencing purposes. We disagree.

*Summary of Relevant Counts*

{¶ 12} To clarify Gregory's argument on appeal regarding merger, the following tables summarize the details of the relevant counts in the First and Second Cases, while eliminating the counts not relevant to Gregory's appeal:

First Case

| Count | Date (Range) | Victim | Offense/Level | Conduct |
|---|---|---|---|---|
| 1 | 1/20/2025 | Stepdaughter | Voyeurism/F5 | Recording while nude, entering shower |
| 2 | 1/20/2025 | Stepson | Voyeurism/F5 | Recording while nude, entering shower |

Second Case

| Count | Date (Range) | Victim | Offense/Level | Conduct |
|---|---|---|---|---|
| 1 | 5/24/2024 – 8/13/2024 | Stepson | Illegal Use/F2 | Recording urinating in bathroom |
| 5 | 2/1/2024 – 1/20/2025 | Stepdaughter | Illegal Use/F2 | Recording undressing for shower in bathroom |

Any mention or discussion to counts of Voyeurism and Illegal Use in our analysis refers only to the counts depicted in this chart.

*Merger Issue 1: Voyeurism Count Related to Stepdaughter (First Case, Count 1)*

<u>Separate Victims</u>

{¶ 13} The Voyeurism count related to *Stepdaughter* in the First Case clearly cannot merge with the Illegal Use count related to *Stepson* in the Second Case because each crime had different victims. *Ruff*, 2015-Ohio-995 at ¶ 23.

<u>Separate Harms</u>

{¶ 14} Although Stepdaughter was a victim of Voyeurism in the First Case and of Illegal Use in the Second Case, the harm resulting from each crime was of dissimilar import. The Voyeurism Statute expressly prohibits an individual's "trespass" on a minor

victim's "reasonable expectation of privacy" in person or via secret recording "for the purpose of viewing the private areas of that person." R.C. 2907.08(C). The wording of the statute is decidedly narrow in scope, focusing solely on the defendant's conduct and the direct violation of an individual victim's right to privacy. *See id. See also* Committee Comment to R.C. 2907.08 ("This section is aimed at curbing 'peeping toms,' . . . [and] [i]t prohibits . . . any invasion of privacy, to eavesdrop or spy on another for the purpose of obtaining a vicarious sexual thrill.").

{¶ 15} In contrast, the Illegal Use Statute is much more expansive in scope, prohibiting the creation, direction, production, or transferring of any material showing a minor in a state of nudity. R.C. 2907.323 (A)(1). While the statute implicitly protects the privacy of minors, its explicit statutory language seeks to eliminate exploitation of children that can "leave[ ] a permanent record . . . haunt a child into adulthood[,] and provide[ ] an economic incentive to its purveyors and possessors." *State v. Martin*, 2016-Ohio-7196, ¶ 12. This emphasis on anti-exploitation is even clearer after considering the legitimate purposes of such imagery permitted by the Illegal Use Statute, including bona fide artistic, educational, scientific, medical, or judicial purposes. R.C. 2907.323(A)(1)(a). The potential reasons for disseminating such material outside of these legitimate exceptions are as horrific as they are numerous, including the sex trafficking of children, soliciting child prostitution, and selling child pornography. Moreover, each transfer of such images can create a separate harm. For example, one transfer could be used to solicit prostitution while a different transfer could be sold as child pornography. In light of these considerations, we consider Voyeurism and Illegal Use to be crimes of different import, and they therefore cannot merge.

*Committed Separately*

{¶ 16} Though our analysis is required to go no further as to counts related to Stepdaughter, we also conclude those Voyeurism and Illegal Use counts were committed separately from each other because the former count had a specific date for the time of the offense—January 20, 2025, whereas the Illegal Use count had a date range from February 1, 2024, through January 20, 2025. While an overlap in time exists, the prosecutor asserted at the plea hearing that the Illegal Use counts concerned "additional videos" found as a result of the search warrant executed after Gregory's original arrest. The existence of videos other than those destroyed by Gregory on January 20, 2025— which formed the exclusive basis of the Voyeurism count—demonstrates the commission of separate offenses.

*Merger Issue 2: Voyeurism Count Related to Stepson (First Case, Count 2)*

*Separate Victims*

{¶ 17} The Voyeurism count related to *Stepson* in the First Case clearly cannot merge with the Illegal Use count related to *Stepdaughter* in the Second Case because, again, they involved separate victims.

*Separate Harms, Committed Separately*

{¶ 18} The Voyeurism count related to Stepson in the First Case cannot merge with the Illegal Use count related to Stepson in the Second Case because, as discussed above, Voyeurism and Illegal Use result in different harms. In addition, these crimes were committed separately because (1) they did not have overlapping dates (January 20, 2025, and May 24, 2024, through August 13, 2024, respectively) and (2) the Voyeurism count concerned the recording of Stepson while he entered the shower whereas the Illegal Use count concerned the recording of Stepson as he urinated in the bathroom.

{¶ 19}  In light of the foregoing, we overrule Gregory's single assignment of error.

{¶ 20}  Judgment Affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## JUDGMENT ENTRY

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*