OPINION
{¶ 1} This is the third time appellant, Steven D. Johnson, pro se, has appeared before this Court of Appeals attacking the sentences imposed upon him, after his no contest plea, for his conviction on two counts of felonious assault with a deadly weapon and one count of burglary. The sentences imposed by the first Common Pleas judge to deal with him were seven-year consecutive terms on the felonious assault counts and a concurrent eighteen-month term on the burglary count.
 {¶ 2} In his first appeal, Johnson raised one assignment of error, claiming the consecutive sentences were improper because the court did not make the requisite findings in R.C.2929.14(E)(4). We agreed and sent the case back to the trial court for resentencing on the felonious assault counts. State v.Johnson (May 11, 2001), Montgomery App. No. 18383.
 {¶ 3} On remand, a different Common Pleas judge imposed a slightly higher sentence of two consecutive terms of eight years apiece on the felonious assault convictions, again to be served concurrently with the burglary sentence. In his appeal from that sentence, Johnson argued that it was a result of judicial vindictiveness. This court disagreed, overruled his sole assignment of error, and affirmed the judgment of the trial court. State v. Johnson (Aug. 23, 2002), Montgomery App. No. 18937.
 {¶ 4} After that decision, Johnson filed a motion in November, 2003, seeking a "correction" of his sentence on the ground that the consecutive sentences for the felonious assaults were improper because the assaults were allied offenses of similar import. The trial court overruled his motion and a timely appeal follows therefrom.
 {¶ 5} In this appeal, Johnson's sole assignment of error is the "trial court commited [sic] prejudicial error in sentencing the defendant to multiple sentences for the same offense in violation of state law R.C. 2941.25(A)(B) and the United States Constitution Amendment Five (5)."
 {¶ 6} As the appellee points out in its brief, this appeal of Johnson's must fail for three different reasons. First, we lack jurisdiction. As this court noted in State v. Campbell (June 20, 2003), Champaign App. No. 02CA34, a motion to correct a sentence which presents a merit issue, in this case whether Johnson's two felonious assault crimes were allied offenses of similar import, is akin to a motion for reconsideration filed after the trial court's final order had been journalized. "An order which then rules on such a motion is a nullity to which no right of appeal attaches." Pitts v. Ohio Dept. ofTransportation (1981), 67 Ohio St.2d 78. The State is correct.
 {¶ 7} In addition, we also note that Johnson's present appeal is barred by res judicata since he could have raised this very issue in his first appeal, the direct one imposed after his first sentencing.
 {¶ 8} Finally, we note that Johnson's appeal also lacks merit since the two felonious assault charges were on two different victims and so cannot by law be allied offenses of similar import. State v. Phillips (1991), 75 Ohio App.3d 785, 789-791;State v. Jones (1985), 18 Ohio St.3d 116, 117.
 {¶ 9} The appellant's assignment of error is overruled and the judgment is affirmed.
Brogan, J. and Wolff, J., concur.