OPINION
{¶ 1} Appellant Robert L. Hammond appeals the sentence rendered by the Delaware County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 3} The following facts give rise to this appeal.
 {¶ 4} On June 11, 2005, Defendant-Appellant Robert L. Hammond scaled the wall to Michelle Legg's second floor apartment, entered the apartment through an open window and woke her up by jumping on top of her in the bed. Over the next few hours, Defendant-Appellant forced Ms. Legg to engage in vaginal, anal and oral sex. Defendant-Appellant wore a mask over his face the entire time and referred to Ms. Legg repeatedly as "bitch." The Defendant-Appellant was physically violent with Ms. Legg and threatened her life if she called the police. Ms. Legg managed to escape when the Defendant-Appellant fell asleep.
 {¶ 5} Defendant-Appellant was apprehended just after 6:00 a.m., still in Ms. Legg's her bed with a mask over his face and a used condom on his penis. Sometime during the night, the Defendant-Appellant defecated on the victim's back porch.
 {¶ 6} Defendant-Appellant was charged with three counts of Rape, Kidnapping and Aggravated Burglary as a result of these events.
 {¶ 7} Counts Six, Seven and Eight of the indictment came about as a result of the investigation of the rape of Michelle Legg. When trying to reconstruct the Defendant-Appellant's activities for the twenty-four hours before he climbed through Ms. Legg's window, Detective Juston Herning of the Delaware Police Department discovered the Defendant-Appellant had spent the night of June 9, 2005, at 74 Bernard Avenue with a group of acquaintances. When interviewing the people present at 74 Bernard Avenue, Detective Herning learned of the events contained in Counts Six, Seven and Eight of the indictment. Detective Herning's investigation revealed the following sequence of events:
 {¶ 8} On June 9, 2005, the Defendant-Appellant and the victim (referred to as Jane Doe in the indictment) spent the evening socializing at a mutual friend's house. Defendant-Appellant, the victim and several other young people spent the night at the residence. Defendant-Appellant and the victim were sleeping on separate couches in the living room. Defendant-Appellant came up behind the victim, kissed her neck and whispered in her ear. The victim pretended to be asleep, hoping the Defendant-Appellant would leave her alone. The Defendant-Appellant forced his hand down the front of the victim's pants and touched her vagina. She jumped up off the couch and knocked on the wall, hoping to awaken some of her friends and scare the Defendant-Appellant away. Later that night, the Defendant-Appellant and the victim were alone in the kitchen talking. The victim stood up and tried to leave the kitchen but the Defendant-Appellant used his body to block her way. The Defendant-Appellant put his arms around the victim and pushed her toward the bathroom. The victim told the Defendant-Appellant she would scream if he did not let her go and he finally did. The Defendant-Appellant was charged with Gross Sexual Imposition, Attempted Rape and Kidnapping as a result of these events.
 {¶ 9} On July 1, 2005, Defendant-Appellant Robert L. Hammond was indicted by the Delaware County Grand Jury for three counts of Rape (felonies of the first degree), two counts of Kidnapping (felonies of the first degree), Aggravated Burglary (a felony of the first degree), Gross Sexual Imposition (a felony of the fourth degree) and Attempted Rape (a felony of the second degree).
 {¶ 10} On August 23, 2005, the Defendant-Appellant pleaded guilty to Count One (Rape), Count Two (Rape), Count Three (Rape), Count Five (Aggravated Burglary) and Count Seven (Gross Sexual Imposition). The State dismissed the remaining counts of the indictment.
 {¶ 11} Counts One, Two, Three and Five involved an adult female victim and Count Seven involved a juvenile female victim.
 {¶ 12} On December 8, 2005, the Trial Court classified the Defendant-Appellant a Sexual Predator and imposed the following sentence: seven (7) years for Count One; four (4) years for Count Two; four (4) years for Count Three; seven (7) years for Count Five; and fourteen (14) months for Count Seven. The Trial Court ordered all sentences to be served consecutive to each other.
 {¶ 13} Appellant timely filed a notice of appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO TWENTY-THREE YEARS AND TWO MONTHS IMPRISONMENT.
 {¶ 15} "A. THE SENTENCE IMPOSED BY THE TRIAL COURT IS DISPROPORTIONATELY HARSH IN VIOLATION OF O.R.C. § 2929.11(B), BECAUSE IT IS NOT CONSISTENT WITH SENTENCES IMPOSED UPON SIMILAR OFFENDERS FOR SIMILAR CRIMES.
 {¶ 16} "B. THE TRIAL COURT'S SENTENCE IS CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BECAUSE IT IS DISPROPORTIONATELY HARSH.
 {¶ 17} "C. THE TRIAL COURT'S SENTENCE IS UNCONSTITUTIONAL BECAUSE THE COURT IN COMPLYING WITH O.R.C. § 2929.14(E)(4) ENGAGED IN JUDICIAL FACT FINDING PROHIBITED BY APPRENDI V. NEWJERSEY (2000), 530 U.S. 466, 120 S. Ct. 2348, AND BLAKELY VWASHINGTON (2004), 542 U.S. 296, 124 S.Ct. 2531."
 I. {¶ 18} We will address the third prong of Appellant's assignment of error as we find it dispositive of this matter on appeal.
 {¶ 19} Appellant maintains Ohio's sentencing statute is unconstitutional because it requires judicial fact finding not proven to a jury beyond a reasonable doubt prior to imposition of sentence. We agree based upon the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 20} The Ohio Supreme Court's decision in the Foster case is based upon three opinions from the United States Supreme Court. The first decision, Apprendi v. New Jersey, (2000),530 U.S. 466, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.
 {¶ 21} The second decision pertinent to the Ohio Supreme Court's analysis in Foster is Blakely v. Washington (2004),542 U.S. 296. In Blakely, the Court held that "* * * the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic.) Id. at 303-304.
 {¶ 22} The final case relied upon by the Ohio Supreme Court is United States v. Booker (2005), 543 U.S. 220. In theBooker decision, the Supreme Court found that the federal sentencing guidelines violated the Sixth Amendment because they required the judge rather than the jury to make findings of fact necessary for punishment. Id. at 233-234. As a remedy for theBlakely violations, the Court held that the sentencing guidelines must be treated as advisory only, with the maximum sentence being the top of the range set by the statute under which the defendant was convicted. Id. at 259.
 {¶ 23} Pursuant to the Apprendi, Blakely and Booker
decisions, the Ohio Supreme Court addressed Ohio's sentencing statutes pertaining to the following areas: (1) more than the minimum prison term [R.C. 2929.14(B)]; (2) the maximum prison term [R.C. 2929.14(C)]; (3) consecutive prison terms [R.C.2929.14(E)(4)]; (4) prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)]; (5) and repeat violent offender and major drug offender penalty enhancements [R.C. 2929.14(D)(2)(a), R.C.2929.14(D)(2)(b), and R.C. 2929.14(D)(3)(b)].
 {¶ 24} The Ohio Supreme Court, in Foster, found the following provisions of Ohio's sentencing statute unconstitutional because it required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. The unconstitutional provisions are as follows: more than the minimum prison term [R.C. 2929.14(B), 2929.19(B)(2) and R.C.2929.41]; the minimum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C.2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under the Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional.
 {¶ 25} To remedy Ohio's felony sentencing statutes, the Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 26} In applying the Foster decision to the facts of the case sub judice, Appellant correctly concludes that Ohio's sentencing statute is unconstitutional. Accordingly, because appellant's sentence is based upon an unconstitutional statute that is deemed void, this matter is remanded to the trial court for a new sentencing hearing.
 {¶ 27} Appellant's Assignment of Error is sustained. We will not address the other prongs of Appellant's Assignment of Error as such are moot based upon our disposition as to the third prong of such Assignment of Error.
Boggins, J. Wise, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee State of Ohio.