OPINION
{¶ 1} Pursuant to a plea agreement, John A. Noel pled guilty in the Champaign County Court of Common Pleas to one count of rape, two counts of gross sexual imposition, and one count of corrupting another with drugs. The victims of the offenses were Noel's two children, who were under the age of 13. The trial court sentenced Noel to life in prison for rape and to *Page 2 
five years on each count of gross sexual imposition, to be served consecutively, and to an additional eighteen months for corrupting another with drugs, to be served concurrently with the other sentences. The trial court also classified Noel as a sexual predator. Noel appeals from the sentence imposed by the trial court and from its determination that he is a sexual predator. For the reasons that follow, we will AFFIRM his sentence and sexual predator designation.
 I {¶ 2} The victims of Noel's offenses were his eleven-year-old son and six-year-old daughter. According to the facts set forth in the presentence investigation, upon which the parties relied at sentencing, Noel engaged in vaginal sex, anal sex, and cunnilingus with his daughter over several months, touched her chest and vaginal areas, and attempted to get her to perform fellatio. He also tried to get her to smoke marijuana on several occasions, but she did so only once. Noel engaged in anal intercourse with his son and forced his son to perform fellatio. Noel also penetrated his son's anus with a sexual device on four or five occasions and encouraged him to smoke crack cocaine prior to numerous assaults.
 {¶ 3} Noel was indicted on ten counts of rape, four counts of corrupting another with drugs, two counts of gross sexual imposition, one count of possession of cocaine, one count of possession of marijuana, and three counts of possession of criminal tools. He pled guilty to four counts, as described above, and the other seventeen counts were dismissed pursuant to the plea agreement. His aggregate sentence was a term of life plus ten years.
 {¶ 4} Noel raises two assignments of error on appeal.
 II {¶ 5} I. "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING *Page 3 
DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 6} Noel argues that his sentence may have been "disproportionate and unreasonable" and that the counts of gross sexual imposition and rape "may have been allied offenses of similar import." His argument suggests that sentencing considerations are unclear following the supreme court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. The state responds that there is no clear and convincing evidence that the sentence was contrary to law or that the trial court abused its discretion.
 {¶ 7} In 2006, the Supreme Court of Ohio held that parts of Ohio's felony sentencing scheme were unconstitutional because they "require[d] judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant." Foster at ¶ 83. The supreme court severed the provisions that it found to be unconstitutional, leaving trial courts with full discretion to impose a prison sentence within the statutory range without making findings or giving reasons for imposing maximum, non-minimum, or consecutive sentences. Id.; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.
 {¶ 8} Foster did not expressly address R.C. 2953.08(G)(2), which authorizes an appellate court to increase, reduce, or otherwise modify a sentence that is appealed under this section or to vacate the sentence and remand the matter to the sentencing court for resentencing. However, because it severed the findings requirement imposed by the sentencing statutes, Foster noted that the appellate statute, R.C. 2953.08(G), no longer applied insofar as it referred to the severed sections. Foster at ¶ 99.
 {¶ 9} After Foster, we may order the relief authorized by R.C. 2953.08(G) if we find that a sentence is "contrary to law." State v.Bryant, Clark App. No. 2006CA19, 2008-Ohio- *Page 4 
2076, ¶ 12; R.C. 2953.08(G)(2)(b). A sentence is not contrary to law if it is within the available range of sentences in R.C. 2929.14(A)(1)-(5) for the particular offense and comports with the purposes and principles of sentencing in R.C. 2929.11 and the relevant seriousness and recidivism factor in R.C. 2929.12. Bryant at ¶ 13, citing State v.Slone, Greene App. Nos. 2005CA79, 2006CA75, 2007-Ohio-130. A claim that a sentence does not comport with R.C. 2929.11 or 2929.12 is reviewed on the abuse of discretion standard. Id.
 {¶ 10} Noel suggests that the sentence imposed by the trial court may have been disproportionate or unreasonable under the circumstances presented, but he does not make any specific argument in this respect. His sentence is within the available range of sentences under R.C. 2929.14(A) and thus is not contrary to law. The crimes were heinous, took place over an extended period of time, and involved multiple young victims who were in a vulnerable position as the children of the abuser. Noel also encouraged the children to use drugs as part of or to facilitate the offenses and caused psychological and emotional harm to the victims. The trial court could have reasonably concluded that a lengthy sentence was appropriate to punish Noel, to deter similar conduct, and to protect the public. Thus, the trial court did not abuse its discretion in imposing a term of life plus ten years of imprisonment.
 {¶ 11} Noel also states, without elaboration, that the rape and gross sexual imposition offenses to which he pled guilty might have been allied offenses of similar import. This argument is without merit because Noel was convicted of raping his son, whereas the gross sexual imposition involved his daugther. Offenses involving two different victims cannot be allied offenses of similar import. State v. Jones
(1985), 18 Ohio St.3d 116, 117, 480 N.E.2d 408; State v. Johnson, Montgomery App. No. 20317, 2004-Ohio-6228, ¶ 8. *Page 5 
 {¶ 12} The first assignment of error is overruled.
 III {¶ 13} II. "THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 14} Noel asserts that the trial court failed to adequately discuss "the particular evidence and factors that it relied upon" in determining that he was a sexual predator.
 {¶ 15} A "sexual predator" is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and who is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). In making this determination, the trial court must consider the factors set forth at R.C. 2950.09(B)(3), which include the age of the victim for which sentence is to be imposed, the use of drugs or alcohol to impair the victim or prevent resistence, and the nature of the offender's conduct and whether it was part of a pattern of abuse. The trial court cited these factors in reaching its conclusion, and they clearly weigh heavily in favor of the sexual predator designation. The trial court did not err in concluding that Noel was a sexual predator.
 {¶ 16} The second assignment of error is overruled.
 IV {¶ 17} The judgment of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur
Copies mailed to:
 Scott D. Schockling *Page 6 
Cathy J. Weithman
 Hon. Roger B. Wilson *Page 1