OPINION
{¶ 1} Defendant, Joseph Rollins, entered pleas of guilty pursuant to a negotiated agreement to one count of aggravated burglary, R.C. 2911.11(A)(2), two counts of rape, R.C. 2907.02(A)(2), each with a sexually violent predator specification, R.C. 2941.148, and a prior violent sex offense *Page 2 
specification, R.C. 2971.03(A)(4), one count of kidnaping, R.C. 2905.01(A)(4), with a sexual motivation specification, R.C. 2941.147, a sexually violent predator specification, R.C. 2941.148, and a prior violent sex offense specification, R.C. 2971.03(A)(4), and one count of failure to comply with an order or signal of a police officer, R.C. 2921.331(B), (C)(5)(a)(ii). In exchange, the State dismissed several other pending charges, including aggravated menacing, aggravated burglary, rape, possession of criminal tools, carrying concealed weapons and assault.
 {¶ 2} The trial court sentenced Defendant to consecutive prison terms of five years on the aggravated burglary, ten years to life on each of the rape counts and on the kidnaping, and three years on the failure to comply with an order or signal of a police officer, for an aggregate sentence of thirty-eight years to life. The court also classified Defendant as a Tier III sex offender.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. He challenges only his sentence.
ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING MR. ROLLINS TO SERVE HIS SENTENCES CONSECUTIVELY RATHER THAN CONCURRENTLY AND THE SENTENCES WERE NOT SUPPORTED BY THE *Page 3 
RECORD."
 {¶ 5} The record demonstrates that Defendant and the victim met at work and had dated for about two months when the victim broke off the relationship. Defendant thereafter stalked and threatened her. Having sent a message to his cell phone that purported to be from the victim asking him to come to her house, Defendant appeared at the victim's house at 4:25 a.m. on June 29, 2007. When she stepped from her house to go to work, Defendant brandished a knife and forced her back inside. Defendant raped the victim, holding a knife at her throat and threatening to kill her, then beat her unconscious. The episode lasted about four hours. Afterward, while fleeing from the police, Defendant drove through two counties, at times reaching speeds of 100 mph. At the time, Defendant was on post release control for committing a similar crime against a former girlfriend.
 {¶ 6} Defendant does not challenge the individual sentences the court imposed, the longest of which is ten years to life. Rather, he challenges the order that he serve those sentences consecutively, for an aggregate term of thirty-eight years to life. Defendant points out that he suffers from multiple mental health problems and has expressed remorse for his offenses. Defendant also contends that his aggregate *Page 4 
sentence is disproportionate to punishments imposed on others for like offenses.
 {¶ 7} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum consecutive, or more than minimum sentences. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 37.
 {¶ 8} When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and2929.12, in order to find whether the sentence is contrary to law.State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, *Page 5 
arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 9} The trial court indicated that on more than one occasion it had reviewed and considered the entire case file, the sentencing memorandum filed by each party, and the presentence investigation report. The court also stated that it had considered and would apply the purposes and principles of felony sentencing, including the overriding purpose of protecting the public. R.C. 2929.11. Furthermore, the court indicated that, with but one exception, it adopted the position taken by the State in its sentencing memorandum.
 {¶ 10} The State's sentencing memorandum extensively discusses the R.C. 2929.12 factors making Defendant's conduct more serious than conduct normally constituting the offense, R.C. 2929.12(B), and factors making it likely that Defendant will commit future crimes, R.C. 2929.12(D). The court properly notified Defendant about his mandatory post-release control, and the sentences the court imposed on each of the offenses are clearly within the authorized statutory ranges. R.C. 2929.14(A), 2971.03. Because the record demonstrates that the trial court considered all necessary matters required by the applicable rules and statutes in imposing its sentence, its sentence is therefore not clearly and convincingly *Page 6 
contrary to law. Kalish; State v. Noel, Champaign App. No. 2007-CA-15,2008-Ohio-2893.
 {¶ 11} The crux of Defendant's argument is not that the court failed to consider the applicable statutory sentencing factors, but rather that in doing so the court abused its discretion because it failed to give appropriate weight to the mitigating factors of Defendant's mental health and his remorse, and imposed a sentence disproportionate to his offense.
 {¶ 12} In adopting the State's sentencing memorandum, the trial court gave weight to the fact that when he committed these offenses Defendant was on post-release control for a similar violent sex crime against another victim, that multiple factors demonstrate that Defendant's conduct is more serious than conduct normally constituting the offense, including the fact that the victim suffered serious psychological harm that was detailed at the sentencing hearing, R.C. 2929.12(B)(2), and that Defendant's relationship with the victim facilitated the offense, R.C. 2929.12(B)(6).
 {¶ 13} Multiple factors support a finding that Defendant is likely to commit future crimes, including the fact that at the time he committed these offenses Defendant was under post release control for a prior offense, R.C.2929.12(D)(1). *Page 7 
Defendant also has a history of criminal convictions, R.C. 2929.12(D)(2). Defendant has not responded favorably to sanctions previously imposed, including sex offender treatment, R.C. 2929.12(D)(3), and though Defendant expressed remorse to the court, he had initially lied to police about his role in these offenses. R.C. 2929.12(D)(5). Dr. Kristen Haskins, a clinical psychologist who examined Defendant for the court, opined that Defendant is in the high risk category for reoffending. The foregoing matters weigh substantially in favor of the sentences the court imposed, and they are not outweighed by Defendant's claims concerning his mental health problems or remorse.
 {¶ 14} R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be . . . consistent with the sentences imposed for similar crimes by similar offenders." Consistency in sentencing does not require uniformity in outcome, however. Rather, what R.C. 2929.11(B) mandates is a conscientious application of the statutory sentencing factors to the particular facts of the case. Griffin Katz, Ohio Felony Sentencing Law (2008 Ed.) § 5:56.
 {¶ 15} Defendant compares his sentences totaling thirty-eight years to life with the sentences totaling twenty-three years and two months imposed in State v. Hammond, Delaware *Page 8 
App. NO. 05CAA0085, 2006-Ohio-3639, which involved similar rape and burglary offenses. However, the Hammond opinion does not indicate that the defendant in that case had a criminal record, was on any form of post-release control when the crimes were committed, or that he placed others at risk when he fled from police. All of those apply to Defendant Rollins. In addition, the harm Rollins caused his victim was especially grave.
 {¶ 16} In any event, the Hammond comparison is insufficient for the finding Defendant asks us to make. We have held that "the issue (of the alleged inconsistency) must . . . be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue (of inconsistency) for appeal." State v. Rigsbee, 174 Ohio App.3d 12,2007-Ohio-6267, at ¶ 16, quoting State v. Bell, Greene App. No. 2004-CA-5, 2005-Ohio-655. Defendant failed to object in the trial court that his sentence was inconsistent with others, or to offer any evidence to support that claim. Therefore, Defendant has forfeited the issue of sentencing and inconsistency for purposes of appeal. State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. *Page 9 
 {¶ 17} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
Joyce Anderson, Esq.
Brent E. Rambo, Esq.
 Hon. Roger B. Wilson *Page 1