[Cite as *State v. Burkhart*, 2013-Ohio-4396.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

ELVIN H. BURKHART, IV

      Defendant-Appellant


Appellate Case No.    2013-CA-12

Trial Court Case No.   2013-CR-65

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 4th day of October, 2013.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House,
Ohio 43160
      Attorney for Defendant-Appellant

ELVIN H. BURKHART, IV, Inmate No. 678010, Lebanon Correctional Institution, P.O. Box 56,
Lebanon, Ohio 45036

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Elvin H. Burkhart, IV, was indicted on one count of Domestic Violence, a felony of the fourth degree, one count of Petty Theft, a misdemeanor of the first degree, six counts of Forgery, a felony of the fifth degree, and one count of Possession of Heroin, a felony of the fifth degree, in Champaign County Common Pleas Court Case No. 2013 CR 065. Pursuant to a plea agreement, Burkhart pled guilty to one count of Domestic Violence, two counts of Forgery, and one count of Possession of Heroin. The remaining counts were dismissed by the State. Burkhart committed the offenses while under community control sanctions for a prior conviction in Champaign County.

{¶ 2} At Burkhart's sentencing hearing, the trial court stated that it reviewed the presentence investigation report and the statements made by counsel and Burkhart. The trial court's Journal Entry of Judgment, Conviction and Sentence indicates that the court was guided by the purposes and principles of sentencing in R.C. 2929.11, which is to protect the public from future crime and to punish the offender. In addition, the entry indicated that the trial court considered the factors provided in divisions (B), (C), (D), and (E) of R.C. 2929.12, which relate to the seriousness of the offender's conduct and recidivism. The court further indicated that it considered other factors relevant to achieving the purposes and principles of sentencing, and also the factors in R.C. 2929.14(C)(4), which relate to the imposition of consecutive sentences.

{¶ 3} With respect to the community control violation, the trial court revoked Burkhart's community control and sentenced him to 12 months in prison. As for the offenses in Case No. 2013 CR 065, the trial court sentenced Burkhart to 18 months in prison for the

Domestic Violence count, eight months each for the two Forgery counts, and 10 months for the Possession of Heroin count. The court ordered the sentences for Domestic Violence and Forgery to run concurrently, and the sentence for Possession of Heroin to run consecutively to the other three counts. Therefore, Burkhart's total prison sentence in Case No. 2013 CR 065 is 28 months. The court ordered the 28-month sentence to run consecutively to the 12-month sentence imposed for Burkhart's community control violation. As a result, the trial court sentenced Burkhart to a total prison term of 40 months.

{¶ 4} After sentencing, Burkhart appealed from the trial court's sentence. His appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), concluding that there are no meritorious issues for appeal, and asserting two potential assignments of error. We notified Burkhart of the *Anders* appeal in writing, and advised him that he may file a pro se brief within 60 days. Burkhart did not file a pro se brief.

{¶ 5} In *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, we noted the following regarding *Anders* appeals:

> We are charged by *Anders* to determine whether any issues involving potentially reversible errors that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.
>
> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the

prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. (Citations omitted.) *Id*. at ¶ 7-8.

**{¶ 6}** The two potential issues raised in Burkhart's *Anders* appeal are: (1) whether the record supports the imposition of consecutive sentences; and (2) whether the record supports the imposition of a maximum sentence for the Domestic Violence offense.

**{¶ 7}** With respect to the imposition of consecutive sentences, we have stated that:

There is no constitutional requirement that a sentencing court make findings of fact before ordering consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010–Ohio–6320, 941 N.E.2d 768, ¶ 26. While R.C. 2929.14(C)(4) requires a sentencing court to make specific findings before imposing consecutive sentences, the statute does not require a sentencing court to specifically identify the factual bases for those findings. In other words, * * * a sentencing court is not required to explicitly identify the matters upon which it relied in imposing consecutive sentences. *State v. Wilson*, 2d Dist. Montgomery No. 24979, 2012–Ohio–4756, ¶ 18.

**{¶ 8}** In this case, the trial court made specific findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. Specifically, the court found: (1) consecutive sentences were necessary to protect the public from future crime and to punish Burkhart; (2) consecutive sentences are not disproportionate to the seriousness of Burkhart's conduct, or to the danger he

poses to the public; (3) at least two of the multiple offenses were committed as part of one or more  courses of conduct, and the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of  Burkhart's conduct; and (4) Burkhart's criminal record demonstrates that consecutive sentences are necessary to protect the public from future crime. These findings are sufficient to support consecutive sentences.  Accordingly, Burkhart's first potential assignment of error lacks arguable merit and is wholly frivolous.

{¶ 9}    With respect to the imposition of maximum prison sentences, we have stated that:

> The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences.  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph 7 of the syllabus.  Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶ 3[8].

> When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law.  *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912.  If the sentence is not clearly and convincingly

contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id. State v. Rollins,* 2d Dist. Champaign No. 08CA003, 2009-Ohio-899, ¶ 7-8.

{¶ 10} " ' Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Enterprises Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 11} In this case, the trial court considered the presentence investigation report, the statements made at sentencing, the purposes and principles of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under 2929.12. Specifically, the court noted that there were three victims involved in Burkhart's offenses, and that one of the victims had suffered physical harm. The court further noted that Burkhart's relationship to the victim had facilitated the offense. In addition, Burkhart committed the offenses while he was under community control, and the court recognized that this had been his third community control violation. The court also recognized that Burkhart had attempted to evade law enforcement prior to his arrest. Furthermore, the court considered the fact that Burkhart had previously served time in prison, and that he had not been rehabilitated to a satisfactory degree. Lastly, the court reviewed Burkhart's criminal history, which includes four prior felonies and a lengthy juvenile record. Upon weighing these factors, the court concluded that Burkhart's conduct was more serious than conduct that normally constitutes his offenses, and that recidivism was likely.

{¶ 12} In addition to weighing the seriousness and recidivism factors, the court correctly noted that R.C. 2929.13(B)(1), a statute requiring community control sanctions for fourth and fifth degree felonies, does not apply to this case. The statute does not apply, because Burkhart

had been previously convicted of a felony offense.

**{¶ 13}** Finally, pursuant to R.C. 2929.14(A)(4), the maximum possible sentence authorized for Burkhart's domestic violence offense is 18 months.   Burkhart was sentenced to 18 months for this offense.   Therefore, his sentence is within the authorized statutory range.

**{¶ 14}** For the foregoing reasons, the 18-month maximum sentence for Burkhart's domestic violence offense was not contrary to law.   The record supports the sentence, and no abuse of discretion on the part of the trial court has been demonstrated.   Accordingly, Burkhart's second potential assignment of error lacks arguable merit and is wholly frivolous.

**{¶ 15}** Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record, and, having done so, we agree with counsel that there are no meritorious issues to present on appeal.   As a result, counsel's request to withdraw from further representation is granted, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Kevin Talebi
Steven H. Eckstein
Elvin H. Burkhart, IV
Hon. Nick A. Selvaggio