[Cite as *State v. Hall*, 2013-Ohio-5049.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                       :               C.A. CASE NO.    25556

v.                                                :               T.C. NO.    11CR3724

LARRY HALL                                        :               (Criminal appeal from
                                                                  Common Pleas Court)

    Defendant-Appellant                      :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of _____November_____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 130 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

GALLAGHER, J. (by assignment)

{¶ 1}     Defendant-appellant Larry Hall appeals his sentence rendered in the

Montgomery County Court of Common Pleas. Hall argues that the sentence imposed by the trial court constituted an abuse of its discretion. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} The Montgomery County Grand Jury indicted Hall for aggravated vehicular assault in violation of R.C. 2903.08(A)(1) and operating a vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(b). Hall pled guilty to aggravated vehicular assault and the OVI charge was dismissed. At sentencing, the trial court imposed a prison term of 18 months, suspended Hall's driver's license for five years, imposed a fine of $525, ordered Hall to pay restitution in the amount of $13,707.71 and imposed a 3-year period of postrelease control. Hall appeals, raising the following sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING UPON APPELLANT A DISPROPORTIONATE, EXCESSIVE, AND UNREASONABLE SENTENCE.

{¶ 3} Hall argues that the trial court's 18 month prison term constituted an abuse of its discretion. When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Burkhart*, 2d Dist. Champaign No. 2013-CA-12, 2013-Ohio-4396, ¶ 9, citing *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id*., citing *State v. Rollins*, 2d Dist. Champaign No. 08CA003, 2009-Ohio-899, ¶ 7-8.

{¶ 4} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Enterprises Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "[I]n the felony sentencing context, '[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, ¶ 15, quoting *State v. Jordan*, 7th Dist. Columbiana No. 09 CO 31, 2010-Ohio-3456, ¶ 12.

{¶ 5} Pursuant to R.C. 2929.14(A)(3)(a), Hall's sentence was within the statutory range for the crime to which he pled guilty. Furthermore, the record reflects that in determining Hall's sentence, the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and also the seriousness and recidivism factors under R.C.2929.12. We conclude that the trial court complied with all applicable rules and statutes in imposing Hall's sentence. Thus, the sentence is not clearly and convincingly contrary to law.

{¶ 6} We further conclude that an abuse of discretion has not been demonstrated. In exercising its sentencing discretion, a trial court is required to consider the factors set forth in divisions (B) and (C) of R.C. 2929.12 relating to the seriousness of the offender's conduct and the factors in divisions (D) and (E) of that section relating to the likelihood of the offender's recidivism. The record reflects that the trial court considered these factors along with the presentence investigation report and the statements made at sentencing.

{¶ 7} Although Hall showed remorse for his actions and admitted that he is an alcoholic, the record reflects that the victim of Hall's offense suffered significant injuries, including a broken leg and shoulder, necessitating two surgeries and 6 months of

rehabilitation. Hall admitted that he was driving under the influence at the time of the offense and his blood alcohol level was nearly three times the legal limit. Hall also had a 2007 misdemeanor conviction for driving under the influence.

{¶ 8} In light of these facts we cannot say that prison term imposed by the trial court, which was a mere six months longer than the minimum sentence, constituted an abuse of discretion.

{¶ 9} Appellant's sole assignment of error is overruled.

{¶ 10} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps
Jeffrey T. Gramza
Hon. Timothy N. O'Connell