[Cite as *State v. Hodge*, 2013-Ohio-5165.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                       :               C.A. CASE NO.      25702

v.                                              :               T.C. NO.      12CR2909

CHRISTOPHER HODGE                               :                  (Criminal appeal from
                                                                  Common Pleas Court)

    Defendant-Appellant                     :

                                                :

. . . . . . . . . .

## O P I N I O N

Rendered on the _____22nd_____ day of _____November_____ , 2013.

. . . . . . . . . .

MATTHEW T. CRAWFORD, Atty. Reg. No. 0089205, Assistant Prosecuting Attorney, 301
W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MELISSA REPLOGLE, Atty. Reg. No. 0084215, 2312 Far Hills Avenue, #145, Dayton,
Ohio 45419
      Attorney for Defendant-Appellant

. . . . . . . . . .

GALLAGHER, J. (by assignment)

{¶ 1}     Defendant-appellant Christopher Hodge appeals his sentence which was
rendered in the Montgomery County Court of Common Pleas.  Hodge argues that the

sentence imposed by the trial court is clearly and convincingly contrary to law and constitutes an abuse of its discretion. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} The Montgomery County Grand Jury indicted Hodge for three counts of non-support of dependents in violation of R.C. 2919.21(B). Hodge pled guilty to two of the counts and the third count was dismissed. At sentencing, the trial court imposed a prison term of 12 months on each count, to be served concurrently. The trial court further ordered Hodge to pay restitution in the amount of $10,537.80. Hodge appeals, raising a sole assignment of error:

> Mr. Hodge's sentence is clearly and convincingly contrary to law and an
> abuse of discretion.

{¶ 3} When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Burkhart*, 2d Dist. Champaign No. 2013-CA-12, 2013-Ohio-4396, ¶ 9, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id*., citing *State v. Rollins*, 2d Dist. Champaign No. 08CA003, 2009-Ohio-899, ¶ 7-8.

{¶ 4} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Enterprises Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "[I]n the felony

sentencing context, '[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, ¶ 15, quoting *State v. Jordan*, 7th Dist. Columbiana No. 09 CO 31, 2010-Ohio-3456, ¶ 12.

**{¶ 5}** Pursuant to R.C. 2929.14(A)(4), Hodge's sentence was within the statutory range for the crime to which he pled guilty. Furthermore, the record reflects that in determining Hodge's sentence, the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and also the seriousness and recidivism factors under R.C.2929.12. We conclude that the trial court complied with all applicable rules and statutes in imposing Hall's sentence. Thus, the sentence is not clearly and convincingly contrary to law.

**{¶ 6}** We further conclude that an abuse of discretion has not been demonstrated. In exercising its sentencing discretion, a trial court is required to consider the factors set forth in divisions (B) and (C) of R.C. 2929.12 relating to the seriousness of the offender's conduct and the factors in divisions (D) and (E) of that section relating to the likelihood of the offender's recidivism. The record reflects that the trial court considered these factors along with the presentence investigation report and the statements made at sentencing.

**{¶ 7}** The record reflects that Hodge failed to make more than a single payment of $100 towards his support obligations over a five year period. The record shows an arrearage of $10,537.80 on his support obligation. Hodge testified that during the relevant time period, his income "varies from week to week. So one week I might make $200, the next week $450." (Transcript at 36.) The trial court posed the question "If you weren't

making enough money to pay your child support for five years, what did you do to try and get work to make payments?" The appellant's response was "Nothing, your honor." (*Id*. at 39.) Hodge further testified that he had a substance abuse problem with marijuana during this time and the presentence investigation report reflects that Hodge reported smoking marijuana two to three times daily from age 17 until December 2012.

{¶ 8}     Although Hodge argues that he is unlikely to re-offend, the record fails to support his contention. Hodge was convicted in 2004 for non-support. The pre-sentence investigation report further undermines Hodge's assertion that community control sanctions would be sufficient to gain his compliance with his obligations as Hodge was granted treatment in lieu of conviction in the prior non-support case. Hodge's supervision in that case was inexplicably terminated early but categorized as incomplete due to his failure to pay his arrearage. The pre-sentence investigation further indicates that Hodge has an arrearage on another child support obligation in the amount of $11,651.46. Hodge has made no payments on that account.

{¶ 9}     In light of these facts we cannot say that the prison term imposed by the trial court constituted an abuse of discretion.

{¶ 10}     Appellant's sole assignment of error is overruled.

{¶ 11}     The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Matthew T. Crawford
Melissa M. Replogle
Hon. Mary Katherine Huffman