[Cite as *State v. Rollins*, 2016-Ohio-141.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 07-CR-178 |
| | : | |
| JOSEPH W. ROLLINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of January, 2016.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JOHN A. FISCHER, Atty. Reg. No. 0068346, Dearie, Fischer & Dame LLC, Greene Town Center, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Joseph W. Rollins appeals from the trial court's denial of his post-conviction

motion to withdraw his guilty plea.

{¶ 2} Rollins' appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review. We notified Rollins of the *Anders* brief and invited him to submit a pro se brief. His time for doing so has expired, and the matter is before us for resolution.

{¶ 3} Pursuant to a negotiated agreement, Rollins pled guilty in December 2007 to one count of aggravated burglary, two counts of rape (each with a sexually-violent-predator specification and a prior violent-sex-offense specification), one count of kidnapping (with a sexual-motivation specification, a sexually-violent-predator specification, and a prior violent-sex-offense specification), and one count of failure to comply with an order or signal of a police officer. In return, the State dismissed other pending charges, including aggravated menacing, aggravated burglary, rape, possession of criminal tools, carrying concealed weapons, and assault. In February 2008, the trial court filed a judgment entry sentencing Rollins to consecutive prison terms of five years on the aggravated burglary, 10 years to life on each of the rape counts and on the kidnapping count, and three years on the failure-to-comply count, for an aggregate sentence of 38 years to life. The trial court also classified him as a Tier III sex offender.

{¶ 4} Rollins filed a direct appeal, raising one assignment of error challenging his consecutive sentences. This court overruled the assignment of error and affirmed in February 2009. *See State v. Rollins*, 2d Dist. Champaign No. 08CA003, 2009-Ohio-899. In December 2014, Rollins filed a pro se Crim.R. 32.1 motion to withdraw his guilty plea. (Doc. #110). Therein, he argued that he suffers from mental-health issues, including

depression, post-traumatic stress disorder, major-depressive disorder, and intermittent-explosive disorder. He asserted the trial court should have taken those issues into consideration at sentencing. (*Id.* at 1-3). Near the end of his motion, he also suggested that the trial court should not have accepted his guilty plea because he was "not in the right state of mind before, during, and after the crime." (*Id.* at 3). Therefore, he sought to withdraw the plea. (*Id.*).

{¶ 5} The trial court denied Rollins' motion in a five-page ruling filed on December 16, 2014. (Doc. #111). Applying the applicable manifest-injustice standard of Crim.R. 32.1, the trial court found that Rollins' complaints about his sentence provided no grounds for withdrawing his plea. The trial court then reasoned:

> In the next to last sentence of his motion, Defendant states that "the court offered a plea knowing that the defendant is not in the right state of mind before, during, and after the crime." To the extent that this allegation concerns matters occurring at the change of plea hearing, the doctrine of res judicata precludes consideration. Ohio courts have applied this doctrine to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *State v. Wilson*, 2d Dist. Montgomery No. 25482, 2014-Ohio-1764, ¶ 28. In this case, Defendant could have raised any non-compliance with Crim.R. 11(C)(2) during the plea colloquy on direct appeal.

> Defendant's statement about not being in "the right state of mind before, during, and after the crime" can also be construed as alleging that

defense counsel should have raised Defendant's competency, instead of allowing him to plead guilty. Ineffective assistance of counsel can constitute the manifest injustice needed to withdraw a guilty plea following sentencing. *State v. Banks*, 2d Dist. Montgomery No. 25188, 201[3]-Ohio-2116, ¶ 9.

Ordinarily, ineffective assistance claims rely on evidence dehors the record. Matters outside the record can only be addressed in a petition for post-conviction relief. [Footnote omitted]. The existence of this remedy removes claims based on matters outside the record from the form of extraordinary circumstances needed to show manifest injustice. *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 11, 12. For this reason, review of Defendant's mental state cannot include matters beyond the record.

Whether Defendant was in "the right state of mind before, during, and after the crime" necessarily requires evidence dehors the record. Moreover, the transcript from the change of plea hearing gives no reasons to question Defendant's competency when he entered his guilty pleas. Defendant indicated at the hearing that he had confidence in his attorney, that he had received adequate information to make informed decisions, that he understood what he was doing, that he was acting of his own free will, that no one had threatened him to plead guilty, and that no promises had been made to him, other than the terms of the plea agreement. *See* Plea Trans. at pp. 11-12, 18-19, 21, 27.

"Solemn declarations in open court carry a strong presumption of

verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible*." Machibroda v. United States*, 368 U.S. 487, 497, 82 S.Ct. 510, 515, 7 L.Ed.2d 473 (1962).

Where nothing in the record supports a defendant's ineffective assistance of counsel claim, other than his own self-serving statements, a trial court does not err when it overrules a motion to withdraw plea. *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8. In this case, Defendant's motion relies on self-serving statements that are not supported by the record. Wherefore, the Court **DENIES** Defendant's Post-Sentence Motion to Withdraw Plea.

(*Id.* at 3-5).

{¶ 6} In his *Anders* filing, counsel raises two potential assignments of error but ultimately finds them frivolous. The first addresses whether the trial court erred in overruling the plea-withdrawal motion. The second concerns whether Rollins received ineffective assistance of counsel at the plea hearing that would justify withdrawal of the plea.

{¶ 7} Upon review, we agree with appointed appellate counsel that the two proposed assignments of error are frivolous. The trial court thoroughly analyzed Rollins' motion, which primarily challenged its decision to impose lengthy, consecutive prison sentences. The harsh nature of the aggregate sentence he received, however, does not constitute grounds for withdrawing the plea that preceded it. In addition, Rollins' direct appeal in this case already challenged the trial court's sentencing decision and raised his

mental health as a factor that should have mitigated the sentence imposed.

{¶ 8} The only other issue touched upon in Rollins' motion concerned whether mental-health issues justified withdrawing his plea. As the trial court recognized, however, nothing in the record below suggests that Rollins' mental condition impacted his plea or that defense counsel provided constitutionally ineffective assistance in allowing him to enter it. Moreover, even if the record below did support such an argument, Rollins would have been required to raise it on direct appeal. *See, e.g.*, *State v. McCommons*, 2d Dist. Montgomery No. 26372, 2015-Ohio-1583, ¶ 9-10.

{¶ 9} We note too that Rollins did not support his plea-withdrawal motion, filed seven years after the plea, with an affidavit or any evidence outside the record. We are left, then, with a record that reflects a knowing, intelligent, and voluntary plea and a stale assertion by Rollins that his plea should be withdrawn because he was "not in the right state of mind before, during, and after the crime." Under these circumstances, we see no non-frivolous argument that a manifest injustice exists that needs to be remedied by allowing withdrawal of the plea. In fact, Rollins' motion was so facially deficient that a hearing was not necessary. *See McCommons* at ¶ 10 (recognizing that a hearing on a post-sentence motion to withdraw a guilty plea is not required, even if a defendant does file a self-serving affidavit, if the claim is unsupported by the record).

{¶ 10} Finally, in compliance with our responsibility under *Anders*, we have conducted an independent review of the record, including a transcript of Rollins' plea hearing, and have found no non-frivolous issues for appellate review.

{¶ 11} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Kevin Talebi
John A. Fischer
Joseph Rollins
Hon. J. Timothy Campbell
(sitting by assignment)